779 So.2d 343 (2000)
Anthony CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4287.
District Court of Appeal of Florida, Second District.
February 4, 2000.
*344 Richard T. McKendrick, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert Napolitano, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
Anthony Clark timely appeals his sentence as a prison releasee reoffender to five years of imprisonment. We affirm.
While in the Hardee County jail, approximately three months after being released from a Florida state prison, Clark was charged with and found guilty of resisting an officer with violence. Since resisting an officer with violence is a felony that involves the use or threat of physical force or violence, the offense is a qualifying offense under the prison releasee reoffender statute. See § 775.082(8)(a)1.o., Fla. Stat. (1997).
Clark argues that, because he was incarcerated in county jail at the time the offense occurred, he cannot be considered a releasee. We disagree. There is no restriction in the language of the statute concerning a person's confinement status when a qualifying crime is committed. See § 775.082(8)(a)1, Fla. Stat. (1997). The term releasee only has reference to a defendant's having been "released from a state correctional facility" within the specified period of three years, not whether the defendant is currently incarcerated. § 775.082(8)(a)1., Fla. Stat. (1997). We, therefore, hold that Clark's new offense of resisting an officer with violence, committed while he was incarcerated and within three years of being released from Florida State Prison, is a qualifying offense under the prison releasee reoffender statute.
Next, Clark contends that his sentence imposed pursuant to the prison releasee reoffender statute, section 775.082(8), Florida Statutes (1997), must be reversed because the statute is unconstitutional. Recently, this court addressed all the constitutional challenges which Clark has raised and found the statute constitutional. See Grant v. State, 745 So.2d 519, 24 Fla. L. Weekly D2627 (Fla. 2d DCA Nov.24, 1999).
Affirmed.
CASANUEVA, J., Concurs.
ALTENBERND, A.C.J., Concurs specially.
ALTENBERND, Acting Chief Judge, Concurring.
I concur with considerable reluctance because I doubt that most legislators actually intended the Prison Releasee Reoffender Act to become a substitute for disciplinary procedures within prisons and jails. Although Mr. Clark's conduct may arguably warrant the five-year sentence he received in this case, our interpretation of the Act allows correctional officers to replace traditional methods of prison discipline with long prison sentences. I fear that the Act will be selectively enforced in this context. The taxpayers will pay considerable sums to extend prisoners' sentences due to relatively minor prison disciplinary matters.
Mr. Clark was released from prison in October 1997. For reasons not disclosed in the record, he was an inmate in the *345 Hardee County Jail in January 1998. While Mr. Clark was going to visitation, a guard noticed that he was wearing an earring, which is against jail rules. After Mr. Clark refused the guard's order that he remove the earring, several guards took him to a lock-down cell. A physical altercation occurred inside that cell, apparently during the process of removing the earring. One of the guards hurt his hand on a handcuff chain during this event. For this conduct, Mr. Clark was charged and found guilty of resisting the officers with violence. He received a five-year term of imprisonment under the Prison Releasee Reoffender Act, which is only slightly longer than the sentence he likely would have received under the guidelines.
Section 775.082(9)(a)(1)(o), Florida Statutes (1997), authorizes prison releasee reoffender treatment for any person who commits "any felony that involves the use or threat of use of physical force or violence against an individual," so long as the person qualifies as a prison releasee.[1] We already have special penalties for violent crimes against correctional officers. See § 775.0823, Fla. Stat. (1999). A simple battery upon a correctional officer is a felony. See § 784.07(2)(b), Fla. Stat. (1999). Thus, because aggravated assault includes any assault with an intent to commit a felony, see § 784.021, Fla. Stat. (1999), if a prisoner states with sincerity that he is going to kick a guard, he is now subject to an additional mandatory five-year term of imprisonment. I fully agree that correctional officers have a difficult job and need the protection of the law, but this Act is likely to result in more problems than solutions within our prisons and jails.
NOTES
[1] Although not applicable at the time of this case, section 775.082(9)(a)(2), Florida Statutes (1999), now designates all state prisoners, whether they ever have been released, as releasee reoffenders.