779 So.2d 549 (2001)
STATE of Florida, Appellant,
v.
William STEVENSON, Appellee.
William Stevenson, Appellant,
v.
State of Florida, Appellee.
Nos. 2D00-650, 2D00-685.
District Court of Appeal of Florida, Second District.
January 19, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, Wendy Buffington, Assistant Attorney General, Tampa, for Appellant in Case No. 2D00-650 and for Appellee in Case No. 2D00-685.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellee in Case No. 2D00-650 and for Appellant in Case No. 2D00-685.
GREEN, Judge.
The state appeals the trial court's finding that the defendant, William Stevenson, did not qualify to be sentenced as a prison releasee reoffender for resisting arrest with violence. In this consolidated appeal, William Stevenson challenges the trial court's judgment and sentence adjudicating him guilty of resisting arrest with violence and depriving an officer of his means of protection. Stevenson was adjudicated guilty and sentenced to three years in state prison on each count to run concurrently. We affirm the convictions without discussion but reverse the sentence for resisting arrest with violence.
Stevenson concedes on appeal that the constitutionality of the prison releasee reoffender act has been upheld by the Supreme Court of Florida. See State v. Cotton, 769 So.2d 345 (Fla.2000). He also concedes that this court has ruled, subsequent to imposition of his sentence, that resisting arrest with violence is a felony that involves the use of threat or physical force or violence against an individual and is thus a qualifying offense under the prison releasee reoffender act. See Clark v. State, 779 So.2d 343 (Fla. 2d DCA 2000); Watson v. State, 749 So.2d 556 (Fla. 2d DCA 2000) (holding specifically that resisting arrest with violence is a qualifying offense under the prison releasee reoffender act), receded from on other grounds, Matthews v. State, 774 So.2d 1 (Fla.2d DCA 2000); § 775.082(8)(a)(1)(o), Fla. Stat. (1997). We therefore affirm the convictions but reverse the sentence for resisting arrest with violence and remand with directions to the trial court to sentence Stevenson as a prison releasee reoffender on that charge.
Convictions affirmed; remanded for resentencing.
PARKER, A.C.J., and STRINGER, J., concur.