790 So.2d 1030 (2001)
Anthony CLARK, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-515.
Supreme Court of Florida.
June 28, 2001.
*1031 Richard T. McKendrick, Lakeland, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Ronald Napolitano, Assistant Attorney General, Tampa, FL, for Respondent.
LEWIS, J.
We have for review Clark v. State, 779 So.2d 343 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The petitioner challenges his sentence under the Prison Releasee Reoffender Act (the "Act") on several grounds, many of which have been previously addressed by opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection);[1]McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State's evidence regarding the defendant's eligibility for sentencing as a prison releasee reoffender); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not permit a "victim veto" which would violate a defendant's due process rights by precluding application of the Act in some instances but not others, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions).
Within three months of being released from prison, petitioner was again behind bars. During this latest period of incarceration, petitioner was found guilty of resisting an officer with violence, a qualifying offense under the Act.[2] Petitioner asserts that the Act is unconstitutionally vague in that he could not have been on notice that he was subject to sentencing under it if he committed a qualifying offense while incarcerated.
In Ellis v. State, we held that publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions. The version of the Act applicable to petitioner's offense clearly indicates that a prison releasee reoffender is "any defendant who commits, or attempts to commit [a qualifying crime] within 3 years of being released from a state correctional facility." § 775.082(8)(a)(1), Fla. Stat. (1997) (emphasis *1032 supplied). The district court is correct in its analysis that:
There is no restriction in the language of the statute concerning a person's confinement status when a qualifying crime is committed. The term releasee only has reference to a defendant's having been "released from a state correctional facility" within three years, not whether the defendant is currently incarcerated.
Clark v. State, 779 So.2d at 344 (citation omitted). Moreover, the term "any defendant" in the Act is "all-inclusive [and] requir[es] no statutory interpretation." See Young v. State, 719 So.2d 1010, 1011 (Fla. 4th DCA 1998) (citing to Auto Owners Ins. Co. v. Conquest, 658 So.2d 928, 929 (Fla. 1995)) Therefore, we determine that Clark's assertion on this issue is unavailing.[3]
Finally, Clark asserts that the enactment of the 1999 amendment to the Act,[4] which states that prison releasee reoffenders are also defined to be those defendants who are incarcerated at the time of committing a qualifying offense, precludes a finding that he was a prison releasee reoffender since he was sentenced under a version of the Act that pre-dates the 1999 amendment. This argument has no merit. The 1999 amendment merely added to the definition of prison releasee reoffenders, and did not nullify the 1997 version under which Clark clearly qualifies. Accordingly, we approve the decision of the district court to the extent that it consistent with our decisions in Grant, McKnight, Cotton, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.
NOTES
[1] We note that in the instant case the Second District cites to its decision in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). In our decision in Grant, we quashed the Second District's decision to the extent that it approved the imposition of equal, concurrent sentences under the Act and another recidivist statute. That issue is of no concern here, as the petitioner in the instant case was sentenced exclusively under the Act.
[2] See § 775.082(8)(a)(1), Fla. Stat. (1997).
[3] Clark's related argument, that the Legislature simply did not intend for incarcerated persons to be subject to sentencing under the Act, is similarly unavailing.
[4] See § 775.082(9)(a), Fla. Stat. (1999).