963 So.2d 901 (2007)
Lamont BROOKENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1496.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
*902 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Lamont Brookens was found guilty by a jury of battery on a law enforcement officer, resisting an officer without violence (a lesser included offense of the crime charged, resisting with violence), tampering with evidence, and possession of drug paraphernalia. Brookens was sentenced to five years' imprisonment as a prison releasee reoffender for the battery offense; five years' imprisonment for the tampering offense; one year in the county jail for the resisting offense; and one year in the county jail for the possession offense. All of the sentences were ordered to be served concurrently. In this appeal, Brookens claims: (1) an erroneous jury instruction warrants reversal of his conviction for resisting an officer without violence; (2) the trial court erred in denying his motion for judgment of acquittal as to the battery charge; and (3) the trial court erred in utilizing the battery offense to sentence him as a prison releasee reoffender.
We affirm without further comment as to the first two issues. Regarding the third issue, however, we agree with Brookens that the trial court erroneously utilized his conviction for battery on a law enforcement officer as a qualifying offense to sentence him as a prison releasee reoffender. In State v. Hearns, 961 So.2d 211 (Fla.2007), the Florida Supreme Court observed that section 775.082, Florida Statutes, which authorizes a qualifying individual to be sentenced as a prison releasee reoffender, does not specifically list battery on a law enforcement officer as a qualifying offense. The court also noted that in addition to those offenses specifically listed in the statute, section 775.082(9)(a)1. includes as a qualifying offense "[a]ny felony that involves the use or threat of physical force or violence against an individual. . . ." § 775.082(9)(a)1.o., Fla. Stat. (2005). The court analyzed the elements of the offense of battery on a law enforcement officer to determine whether it qualifies as a felony that involves the use or threat of physical force or violence and concluded that it does not. Because battery on a law enforcement officer is not a qualifying offense under section 775.082, Brookens was improperly sentenced as a prison releasee reoffender.
Accordingly, we reverse the sentence imposed on Brookens as a prison releasee reoffender for battery on a law enforcement officer and remand for resentencing on that count. We affirm in all other respects.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PLEUS and THOMPSON, JJ., concur.