965 So.2d 1281 (2007)
Demetrius L. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5655.
District Court of Appeal of Florida, Second District.
October 17, 2007.
*1282 WALLACE, Judge.
Demetrius L. Walker appeals the summary denial of his motion to correct illegal sentence filed in accordance with Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand for resentencing.

Background
Walker pleaded nolo contendere in two separate cases to four offenses: (1) battery on a law enforcement officer, §§ 784.03, .07(2)(b), Fla. Stat. (2005); (2) battery on a firefighter, §§ 784.03, .07(2)(b); (3) resisting an officer with violence, § 843.01, Fla. Stat. (2005); and (4) attempted robbery, §§ 812.13(2)(c), 777.04(1), Fla. Stat. (2005). The trial court sentenced him as a prison releasee reoffender (PRR) on all four counts and imposed four concurrent five-year sentences.

The Postconviction Court's Order
Walker claimed in his postconviction motion that he is not subject to PRR sentencing in these cases because his offenses were not enumerated or forcible felonies under the PRR statute. See § 775.082(9)(a)(1), Fla. Stat. (2005). The postconviction court summarily denied Walker's motion. In support of its ruling, the postconviction court cited Jenkins v. State[1] and Brown v. State.[2]

The Impact of State v. Hearns

When the postconviction court summarily denied Walker's rule 3.800(a) motion, it did not have the benefit of State v. Hearns, 961 So.2d 211 (Fla.2007). In Hearns, the Supreme Court of Florida considered whether battery on a law enforcement officer is a "`forcible felony, as described in' section 776.08, Florida Statutes (2000)," for purposes of the violent career criminal (VCC) statute. Id. at 214; see § 775.084(1)(d). Because battery on a law enforcement officer is not specifically enumerated as a "forcible felony" in section *1283 776.08, the Hearns court analyzed the catchall provision that defines a "forcible felony" as including "any other felony which involves the use or threat of physical force or violence against any individual." § 776.08, Fla. Stat. (2005). Relying on its prior decision in Perkins v. State, 576 So.2d 1310 (Fla.1991), the Hearns court held that "in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved." 961 So.2d at 212. Quoting from Perkins, the Hearns court said:
[I]n the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.

Perkins, 576 So.2d at 1313 (emphasis added). Therefore, Perkins held that for an offense to be a forcible felony under section 776.08, the "use or threat of physical force or violence" must be a necessary element of the crime. If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony.
Id. at 215. Because battery on a law enforcement officer may be committed by a mere touching that would not necessarily involve "the use or threat of physical force or violence" within the meaning of the statute, the Hearns court concluded that battery on a law enforcement officer is not a forcible felony for purposes of imposing a VCC designation. Id. at 219. Guided by the teaching of Hearns, we turn now to a consideration of whether each of the four crimes for which Walker was sentenced is a qualifying offense under the PRR statute.

Battery on a Law Enforcement Officer and Battery on a Firefighter
Although the Hearns court analyzed whether battery on a law enforcement officer was a forcible felony for purposes of a VCC designation, the Hearns analysis of the VCC statute is equally applicable to the PRR statute because the critical language is the same in both instances. Under the PRR statute, "[a]ny felony that involves the use or threat of physical force or violence against an individual" is a qualifying offense. § 775.082(9)(a)(1)(o). The Hearns court stated, "We have held that where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply." 961 So.2d at 217 (citing Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla.1958)). Accordingly, the court specifically disapproved Jenkins, Brown, and other district court cases to the extent that they hold that battery on a law enforcement officer "is a felony that necessarily involves the `use or threat of physical force or violence.'" Id. at 220. Therefore, the analysis in Hearns compels the conclusion that Walker was improperly sentenced as a PRR on the offenses of battery on a law enforcement officer and battery on a firefighter. See Brookens v. State, 963 So.2d 901 (Fla. 5th DCA 2007). The State properly concedes this point.

Resisting Arrest With Violence
This court has previously held that "[s]ince resisting arrest with violence is a felony that involves the use or threat of physical force or violence, the offense is a qualifying offense under" the PRR statute. Watson v. State, 749 So.2d 556, 556 (Fla. 2d DCA 2000), receded from on other grounds by Matthews v. State, 774 So.2d 1, 3-4 (Fla. 2d DCA 2000); see also Clark v. State, 779 So.2d 343, 344 (Fla. 2d DCA *1284 2000), approved on other grounds, 790 So.2d 1030 (Fla.2001); State v. Stevenson, 779 So.2d 549, 549 (Fla. 2d DCA 2001). With respect to this offense, we conclude that the analysis in Hearns does not compel a different result. Section 843.01 provides:
Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) One of the elements of resisting arrest with violence under section 843.01 is either offering to do violence or actually doing it. For this reason, resisting arrest with violence is an offense that qualifies under the PRR statute as "[a]ny felony that involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)(1)(o). The postconviction court properly denied Walker's motion as to the offense of resisting with violence.

Attempted Robbery
With respect to Walker's offense of attempted robbery, the postconviction court correctly denied Walker's motion. The Hearns analysis is inapplicable to attempted robbery. This crime is an enumerated offense under the PRR statute. See § 775.082(9)(a)(1)(g).

Conclusion
To summarize, we affirm the postconviction court's denial of Walker's 3.800(a) motion with respect to his sentences as a PRR for attempted robbery and resisting arrest with violence. However, we reverse the postconviction court's denial of Walker's motion with respect to his sentences for battery on a law enforcement officer and battery on a firefighter. We remand for the trial court to strike the PRR designation from Walker's sentences on those two offenses.
Affirmed in part, reversed in part, and remanded.
KELLY and CANADY, JJ., concur.
NOTES
[1] 884 So.2d 1014, 1016 (Fla. 1st DCA 2004) (finding that a defendant's battery on a law enforcement officer was a qualifying offense for sentencing as a PRR where the defendant intentionally touched or struck an officer against the officer's will and created a well-founded fear in the officer that violence was imminent by driving a car directly toward the officer), disapproved of by State v. Hearns, 961 So.2d 211 (Fla.2007).
[2] 789 So.2d 366, 367 (Fla. 2d DCA 2001) (holding "that battery on a law enforcement officer is a qualifying offense for [PRR] sentencing"), disapproved of by State v. Hearns, 961 So.2d 211 (Fla.2007).