976 So.2d 1179 (2008)
Ray RAWLINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3968.
District Court of Appeal of Florida, Fifth District.
March 20, 2008.
*1180 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Once in a while, a case will come our way involving conduct of a criminal defendant that is so bizarre, it is virtually inexplicable. But we read the record and we see that it actually happened. This is such a case. We also see from this record how misfortune can befall police officers when it is least expected.
In the early morning hours of September 15, 2005, Officer Stiles and Officer Kenney, dressed in their police uniforms, responded to a 9-1-1 call. When they arrived at the area specified by the dispatch, they parked their marked police cars on the side of the road, exited their vehicles, and discussed their observations, especially the fact that they did not see anyone in the vicinity. Then, Stiles heard what sounded like a dog barking behind him. He turned to look and there was Rawlings, crouched on the ground some distance away. Rawlings appeared to be saying something to the officers, but they could not understand what it was.
Rawlings stood up and began to walk down the street. He then turned around and started moonwalking. Rawlings turned around once again and began pretending that he was riding on a skateboard. Rawlings disappeared behind a nearby building, but he reappeared a short while later. Stiles observed that Rawlings' fists were closed, he was breathing hard, and his chest was heaving. A harbinger of the difficulties the officers were about to encounter came when Rawlings began approaching the officers, exclaiming in a raspy tone of voice, "[A]in't nothing going to save you now." With his fists still clenched, Rawlings quickened his pace toward the officers and placed his left hand into his pocket. Stiles, fearing that Rawlings was going to attack the two officers, ordered Rawlings to halt and take his hand out of his pocket. Rawlings did not obey.
Stiles drew his gun and Kenney drew her taser as they both continued to warn Rawlings to stop and to get down on the ground. Rawlings refused. As Rawlings advanced upon the officers, Kenney commanded, "[S]top or I'm going to tase you." Rawlings continued to advance, exclaiming "F____k you, shoot me." Stiles, recognizing that they were going to need assistance, summoned a nearby officer for help. Officer Demps arrived and attempted to reason with Rawlings, but to no avail. Rawlings now advanced on the three officers, hurling profanities at them.
Kenney continued to warn Rawlings that he was about to be tased, but Rawlings did not heed the warnings. As Rawlings got closer, Kenney discharged the taser and two probes found their mark on Rawlings. *1181 The electrical surge disrupted Rawlings' muscular function and he went down to the ground. The officers attempted to secure Rawlings in handcuffs.
Rawlings refused to allow the officers to handcuff him. Free from the debilitating shock of the taser, Rawlings continued his attack. As Stiles attempted to secure Rawlings in the handcuffs, Rawlings reached up and grabbed Stiles by the testicles. Stiles writhed in pain. In order to extricate Stiles from this predicament, Kenney flipped the switch on the taser and fifty thousand volts of electricity once again coursed through Rawlings' body. But unfortunately for Stiles, who was still caught in Rawlings' grip, half of the electrical current passed through Rawlings and into Stiles. The shock jolted Stiles and knocked him back.
Rawlings was able to regain his feet, get into a boxer's stance, and charge Stiles. Punches were exchanged and Rawlings was knocked back against one of the patrol cars. Stiles and the other two officers continued to attempt to secure Rawlings in handcuffs. However, Rawlings continued the attack. During the ensuing melee, Rawlings once again grabbed the testicles of the hapless Stiles. Eventually, Stiles was able to pry himself loose from Rawlings' grip, this time without the use of the taser. The struggle continued, and the three officers finally secured Rawlings in the handcuffs.
Rawlings was tried and convicted of resisting a law enforcement officer with violence, battery on a law enforcement officer, and two counts of assault on a police officer. For the first two offenses, Rawlings was sentenced to ten years concurrent as a habitual felony offender, with the first five years to be served as a prison releasee reoffender (PRR). He was sentenced to time served for the assault convictions.
Incredibly (we say this in light of the injuries Rawlings inflicted on Stiles and the other officers), Rawlings' main theory of defense was police brutality. Rawlings neither testified nor produced any evidence. During the State's case-in-chief, Stiles was called as a witness. During cross-examination of Stiles, Rawlings attempted to establish his claim of police brutality by asking Stiles whether he knew that a number of people had died as a result of the taser. The prosecutor objected and the court sustained the objection. Rawlings claims it was error to prevent his cross-examination of Stiles on this issue. We disagree. As the State correctly points out, Rawlings did not properly preserve this issue because he failed to proffer what the officer's answer to the objected-to question would have been. See Frances v. State, 970 So.2d 806 (Fla.2007); Woodson v. State, 483 So.2d 858 (Fla. 5th DCA 1986). Even if the issue had been preserved, the record reveals the trial court made it clear that Rawlings would be allowed to pursue the matter if he could establish a proper predicate for the testimony. Rawlings failed to do so and, therefore, the trial court did not err in sustaining the State's objection. See McCoy v. State, 853 So.2d 396 (Fla.2003).
Rawlings also contends the trial court erred by sentencing him as a PRR on count one, resisting a law enforcement officer with violence, and on count two, battery on a law enforcement officer. As to the battery charge, we agree with Rawlings because battery is not a felony that necessarily involves the use or threat of physical force or violence. State v. Hearns, 961 So.2d 211 (Fla.2007); Brookens v. State, 963 So.2d 901 (Fla. 5th DCA 2007). However, the trial court did not err in sentencing Rawlings as a PRR for resisting an officer with violence because violence is a necessary element of the offense. See § 843.01, Fla. Stat. (2005); *1182 Walker v. State, 965 So.2d 1281 (Fla. 2d DCA 2007).
Accordingly, we strike the PRR portion of Rawlings' sentence on count two, battery on a law enforcement officer, and remand for resentencing on that count. We affirm in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, C.J. and GRIFFIN, J., concur.