BENTON, J.
 

 Resisting an officer with violence, in violation of section 843.01, Florida Statutes (2006), is a “felony that involves the use or threat of physical force or violence against an individual,” and so is punishable under the prison releasee reoffender statute. § 775.082(9)(a)l.o., Fla. Stat. (2006). In affirming on this basis the partial denial of Mr. Harris’ Florida Rule of Criminal Procedure 3.800 motion, we align ourselves with the Second and Fifth Districts.
 
 See Rawlings v. State,
 
 976 So.2d 1179, 1181-82 (Fla. 5th DCA 2008);
 
 Green v. State,
 
 973 So.2d 1253, 1253 (Fla. 5th DCA 2008);
 
 Walker v. State,
 
 965 So.2d 1281, 1283-84 (Fla. 2d DCA 2007).
 

 Like our sister courts, we begin our analysis with the statute itself, read in light of the supreme court’s opinion in
 
 State v. Hearns,
 
 961 So.2d 211, 216 (Fla.2007), which construes another sentencing statute with similar language. There the supreme court said that, “in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular [factual] circumstances,”
 
 Hearns,
 
 961 So.2d at 212, harking back to an earlier decision where the court had taken the same approach.
 
 See Perkins v. State,
 
 576 So.2d 1310, 1313 (Fla.1991).
 
 See also Dautel v. State,
 
 658 So.2d 88, 89 (Fla.1995) (holding “only the [statutory] elements of the out-of-state crime should be considered in determining whether that conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet”).
 

 
 *751
 
 The statutory language to be construed in the present case defines offenses eligible for prison releasee reoffender sentencing to include any felony involving “the use or threat of physical force or violence ... within 3 years after [the felon’s] ... release[] from a state correctional facility.” § 775.082(9)(a)l.o., Fla. Stat. (2006). Appellant stands convicted of “resisting officer with violence to his or her person” during the relevant time period, in violation of section 843.01, which provides:
 

 Whoever knowingly and willfully resists ... any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree....
 

 § 843.01, Fla. Stat. (2006). Offering to do violence plainly involves the “threat of physical force or violence” while actually doing violence plainly involves the “use ... of physical force or violence.” § 775.082(9)(a)l.o., Fla. Stat. (2006). Under section 775.082(9)(a)l.o., any felony— or felony attempt — that, like appellant’s, occurs within the relevant time period qualifies as punishable by prison releasee reoffender sentencing if an element of the felony involves even the threat of violence.
 

 In this regard, resisting an officer with violence to his or her person, in violation of section 843.01, differs significantly from simple battery on a law enforcement officer, which the
 
 He
 
 arras court ruled did not qualify as a forcible felony.
 
 *
 
 Our supreme court held that simple “battery on a law enforcement officer” might involve merely a nonviolent, albeit unwanted, touching, and need “not ‘involve the use or threat of use of physical force or violence.’ ”
 
 Hearns,
 
 961 So.2d at 213.
 
 See also id.
 
 at 219-20;
 
 D.C. v. State,
 
 436 So.2d 203, 206 (Fla. 1st DCA 1983) (“[I]t is clear from Section 784.03 that
 
 any
 
 intentional touching of another person against such person’s will is technically a criminal battery.”);
 
 L.D. v. State,
 
 355 So.2d 816, 817 (Fla. 3d DCA 1978) (“[I]t is clear that the force used in criminal battery need not be sufficient to injure.”).
 

 Unlike battery on a law enforcement officer, however, resisting an officer with violence to his or her person in violation of section 843.01, does qualify for prison re-leasee reoffender sentencing. As every other court considering the question has held, “ ‘[s]ince resisting arrest with violence is a felony that involves the use or threat of physical force or violence, the offense is a qualifying offense under’ the PRR statute.”
 
 Walker,
 
 965 So.2d at 1283-84 (quoting
 
 Watson v. State,
 
 749 So.2d 556, 556 (Fla. 2d DCA 2000)).
 
 See Rawlings,
 
 976 So.2d at 1181-82;
 
 Green,
 
 973 So.2d at 1253.
 

 Affirmed.
 

 WOLF and BROWNING, JJ., concur.
 

 *
 

 The violent career criminal statute the
 
 Hearns
 
 court construed applies to any offense defined as a forcible felony by section 776.08.
 
 See State v. Hearns,
 
 961 So.2d 211, 216-17 (Fla.2007). Section 776.08, Florida Statutes (2006), provides:
 

 "Forcible felony” means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.