[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15864
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20559-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YONEL JEAN BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 8, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Yonel Jean Baptiste appeals his sentence of 151 months of imprisonment

for two counts of bank robbery and one count of attempted bank robbery. 18

U.S.C. § 2113(a). Baptiste challenges his classification as a career offender based

on his prior conviction for resisting an officer with violence. We affirm.

The district court did not err by classifying Baptiste as a career offender. Baptiste's prior conviction qualifies as a "crime of violence" either as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," United States Sentencing Guidelines Manual § 4B1.2(a)(1), or that "otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 4B1.2(a)(2). Under Florida law, a defendant is guilty of resisting an officer with violence if he "knowingly and willfully resists, obstructs, or opposes any officer . . . by offering or doing violence to the person of such officer." Fla. Stat. § 843.01. Based on its plain language, Baptiste's prior conviction constitutes a "'felony that involves the use or threat of physical force or violence against an individual,'" Harris v. State, 5 So. 3d 750, 751 (Fla. Dist. Ct. App. 2009) (quoting Walker v. State, 965 So.2d 1281, 1283 (Fla. Dist. Ct. App. 2007)), and involves the type of violent physical force sought to be punished under section 4B1.2(a)(1), see Johnson v. United States, 559 U.S. ____, 130 S. Ct. 1265, 1271 (2010), and under the residual clause in section 4B1.2(a)(2), see United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010) (holding that a conviction under section 843.01 constituted a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

We **AFFIRM** Baptiste's sentence.