[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15704
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

Docket No. 6:10-cr-00111-GKS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO CERDA-ENRIQUEZ,
a.k.a. Antonio Madraigal,
a.k.a. Jesus Mendes,
a.k.a. Guillermo Enriquez Cerda,
a.k.a. Adrin Guzman,
a.k.a. Antonio Madriga,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2012)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Guillermo Cerda-Enriquez appeals his 60-month sentence for illegally re-entering the United States after having been deported, 8 U.S.C. § 1326(a) and (b)(1). No reversible error has been shown; we affirm in part and dismiss in part.[1]

On appeal, Cerda-Enriquez argues that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because his Florida conviction for resisting an officer with violence, Fla. Stat. § 843.01, does not qualify as a "crime of violence" under the guidelines.[2] Whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines is a question that we review de novo. United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007).

---

[1] Nothing evidences that the district court believed that it lacked the authority to grant a downward departure based on cultural assimilation. Thus, we dismiss for lack of jurisdiction Cerda-Enriquez's argument that the district court erred by denying his departure request. See United States v. Norris, 452 F.3d 1275, 1282-83 (11th Cir. 2006) ("This Court lacks jurisdiction to review a district court's discretionary refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the statutory authority to depart from the guideline range.").

We also reject Cerda-Enriquez's argument that the district court erred by failing to consider -- as a basis for a downward variance -- the disparity in the availability of "fast track" sentencing programs. See United States v. Vega-Castillo, 540 F.3d 1235, 1238 (11th Cir. 2008) (reaffirming that "a [sentencing] court may not consider sentencing disparities associated with early disposition programs in imposing sentence.").

[2] Cerda-Enriquez also argues -- and the government concedes -- that his Florida conviction for battery on a law enforcement officer is not a crime of violence for purposes of section 2L1.2(b)(1)(A). We agree based on our decision in United States v. Williams, 609 F.3d 1168, 1169-70 (11th Cir. 2010), in which we concluded that "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria as defined under the 'physical force' subdivision of [U.S.S.G. §] 4B1.2(a)(1) of the sentencing guidelines."

Under section 2L1.2(b)(1)(A), a sentencing court must impose a 16-level enhancement if the defendant was deported after being convicted of a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined, in pertinent part, as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). In interpreting identical language in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i), the United States Supreme Court determined that "the phrase 'physical force' means *violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 130 S.Ct. 1265, 1271 (2010) (emphasis in original).

"[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach," meaning that we look only at "the fact of conviction and the statutory definition of the prior offense." Llanos-Agostadero, 486 F.3d at 1196-97. Only when the judgment of conviction or the statute is ambiguous do we look at the facts underlying the conviction. Id. at 1197. Because no such ambiguities existed in this case, the district court erred in considering the underlying facts of Cerda-Enriquez's conviction for resisting a law enforcement officer with violence. See United States v. Nix, 628 F.3d 1341,

3

1342 (11th Cir. 2010) (applying the categorical approach to determine whether a conviction under section 843.01 was a violent felony under the residual clause of the ACCA). Despite this error, we affirm Cerda-Enriquez's sentence because his offense qualifies as a "crime of violence" under the categorical approach.

Cerda-Enriquez does not dispute that he was convicted of resisting a law enforcement officer with violence. The Florida statute defining that offense provides that, "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person or such officer or legally authorized person, is guilty of a felony of the third degree." Fla. Stat. § 843.01. Florida courts have concluded that "violence is a necessary element of [this] offense."[3] Rawlings v. State, 976 So.2d 1179, 1181-82 (Fla. 5th Dist. Ct. App. 2008).

Construing the plain language of section 843.01, "offering" to do violence involves the attempted use or threatened use of "physical force" or "*violent* force" -- and "doing violence" involves the actual use of "physical force" or "*violent*

---

[3]We are bound by the Florida courts' interpretation of the elements of a state offense. See Johnson, 130 S.Ct. at 1269; Arawak Aviation v. Indem. Ins. Co. of N. Am., 285 F.3d 954, 959 (11th Cir. 2002) (stating that "[i]n matters of state law, federal courts are bound by rulings of the state's highest court" and "[i]f the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts.").

force" -- as contemplated by section 2L1.2 and by the Supreme Court in <u>Johnson</u>.[4]

As a result, we conclude that a conviction under Fla. Stat. § 843.01 for resisting a

law enforcement officer with violence qualifies as a "crime of violence" for

purposes of enhancement under section 2L1.2(b)(1)(A).

AFFIRMED IN PART; DISMISSED IN PART.

---

[4]Cerda-Enriquez argues that the "offering or doing violence" element of section 843.01 cannot satisfy section 2L1.2's "physical force" requirement because a defendant could "offer[] or do[] violence" in a negligent or reckless way. <u>See United States v. Palomino Garcia</u>, 606 F.3d 1317, 1336 (11th Cir. 2010) (concluding that a <u>mens rea</u> higher than recklessness is necessary for a prior conviction to qualify as a "crime of violence" under section 2L1.2). We are unpersuaded by this argument. Even if section 843.01 is a general intent crime, <u>see Frey v. State</u>, 708 So.2d 918, 920 (Fla. 1998), the sort of force contemplated by the statute is "violence force," <u>see Rawlings</u>, 976 So.2d at 1181 ("[V]iolence is a necessary element of the offense."). This element is sufficient for liability under section 2L1.2(b)(1)(A).