[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10237
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60108-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARFIELD CARGILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Garfield Cargill appeals his 180-month sentence after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Cargill concedes that we, in *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015), have determined that resisting arrest with violence in violation of Fla. Stat. § 843.01 qualifies as a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA").  However, Cargill argues that *Hill* was incorrectly decided because we neglected to determine whether Florida uses a differing definition of what constitutes "violent" conduct, and he asserts that a conviction under Fla. Stat. § 843.01 does not require as much violence as the ACCA does.

We review *de novo* whether a prior conviction is a violent felony within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a serious drug offense or violent felony faces a mandatory minimum 15-year sentence.  *See* 18 U.S.C. § 924(e)(1).  The ACCA defines a "'violent felony'" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id*. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court struck down the ACCA's residual clause as unconstitutionally vague.  *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).  The Court clarified, in holding that the residual clause is void, that it did not call into question the application of the elements and enumerated offense clauses of the ACCA's definition of a violent felony.  *Id*. at 2563.

To determine whether a prior conviction qualifies as a violent felony, we use a categorical approach, looking at "the fact of conviction and the statutory definition of the prior offense."  *Hill*, 799 F.3d at 1322 (quotation omitted).  The phrase "physical force," as used in the ACCA's definition of a violent felony, means "force capable of causing physical pain or injury to another person."  *Id*. (quotation omitted).  Whether a person actually used, attempted to use, or threatened to use physical force is irrelevant; rather, the focus is on whether a conviction under the statute "necessarily involves" proof of the element.  *See United States v. Estrella*, 758 F.3d 1239, 1245 (11th Cir. 2014) (emphasis and quotation omitted) (explaining application of the categorical approach to the issue

3

of whether a conviction qualified as a crime of violence under an identically worded elements clause in the guidelines).  Although the meaning of physical force is a question of federal law, we are bound by a state supreme court's determination of the elements of a state offense and, absent such authority, are bound to follow decisions of the state's appellate courts, unless there is persuasive indication that the state supreme court would decide the issue differently.  *Hill*, 799 F.3d at 1322.

In Florida, a person commits the offense of resisting an officer with violence when he "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . ." Fla. Stat. § 843.01.  Florida's appellate courts have held that violence is a necessary element of § 843.01.  *Hill*, 799 F.3d at 1322; *see also Rawlings v. State*, 976 So. 2d 1179, 1181 (Fla. Dist. Ct. App. 2008); *Walker v. State*, 965 So. 2d 1281, 1284 (Fla. Dist. Ct. App. 2007).  "[A] prior conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA."  *Hill*, 799 F.3d at 1322-23 (analyzing Fla. Stat. § 843.01); *see also Romo-Villalobos*, 674 F.3d at 1251 (analyzing Fla. Stat. § 843.01 as a crime of violence for guidelines purposes).

Under the prior panel precedent rule, we are bound by the holding of a prior panel until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or this Court sitting *en banc*.  *United States v. Archer*, 531 F.3d

4

1347, 1352 (11th Cir. 2008); *see also United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (noting that even though binding precedent may be flawed, a later panel does not have the authority to disregard it).  There is no "overlooked reason or argument" exception to the prior precedent rule.  *United States v. Johnson*, 528 F.3d 1318, 1320 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 133 (2010).

Cargill's argument that his convictions under Florida's resisting an officer with violence statute are not violent felonies under the ACCA elements clause is foreclosed by *Hill*, in which we held that a conviction for resisting an officer with violence under Fla. Stat. § 843.01 categorically qualifies as a violent felony under the elements clause of the ACCA.  *Hill*, 799 F.3d at 1322-23.  *Hill* has not been abrogated by an intervening Supreme Court decision or overruled by this Court *en banc*.  *Archer*, 531 F.3d at 1352.  Accordingly, we affirm Cargill's sentence.

**AFFIRMED.**