[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11360
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00166-GKS-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY V. WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 29, 2018)

Before WILLIAM PRYOR, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Anthony White appeals his 180-month sentence, imposed on resentencing,

for possessing with intent to distribute 28 grams or more of cocaine base and being

a felon in possession of a firearm.  On appeal, White argues that the district court erred in resentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his Florida conviction for resisting an officer with violence under Fla. Stat. § 843.01 does not qualify as a "violent felony" under the ACCA's elements clause.  After careful review, we affirm.

## I.  PROCEDURAL BACKGROUND

### A.    Original Conviction and Sentencing

In July 2012, a grand jury indicted White on one count of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 1), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count 2), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 3).  White later pled guilty to Counts 1 and 2 of the indictment, and the district court dismissed Count 3 at the government's request.

At the time of White's plea and original sentencing proceeding, both parties and the district court agreed that White was an armed career criminal subject to the ACCA's 15-year mandatory minimum sentence.  In determining that White was an armed career criminal, the presentence report ("PSR") listed the following five Florida convictions:

(a) Unlawful Sale, Manufacture or Delivery of a Controlled Substance within 1000 Feet [o]f a Church, Volusia County Circuit Court, Case No. 01CF-30133, a felony controlled substance offense, sentenced on June 9, 2003;

(b) Unlawful Sale/Delivery of a Controlled Substance (Two Counts), Volusia County Circuit Court, Case No. 01CF-35118, a felony controlled substance offense, sentenced on June 9, 2003;

(c) Possession of Cocaine and Flee/Attempt to Elude an[] Officer Volusia County Circuit Court, Case No. 04CF-37692, a felony crime of violence, sentenced on May 11, 2005;

(d) Resisting Arrest with Violence, Volusia County Circuit Court, Case No. 08CF-31971, a felony crime of violence, sentenced on September 21, 2010; and

(e) Flee/Attempt to Elude, Volusia County Circuit Court, Case No. 10CF-30751, a felony crime of violence, sentenced on September 21, 2010.[1]

The district court sentenced White to the mandatory minimum (180 months), and White did not file a direct appeal.

## B.    White's 28 U.S.C. § 2255 Motion to Vacate

In June 2016, following the Supreme Court's decision in Samuel Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), invalidating the ACCA's residual clause, White filed a counseled 28 U.S.C. § 2255 motion to vacate his sentence, arguing that he no longer qualified as an armed career criminal because his prior Florida convictions for resisting an officer with violence and fleeing or attempting to elude no longer qualified as violent felonies. Due to some confusion regarding amended judgments that were issued as to two of White's state

---

[1] Count 2 of the indictment likewise listed these offenses, as well as one additional June 9, 2003 conviction for unlawful possession of a controlled substance.

3

convictions since his original federal sentencing,[2] the government initially agreed

that White no longer qualified for an ACCA sentence, and the parties filed a joint

stipulation stating that White's § 2255 motion should be granted and he should be

resentenced without the ACCA enhancement.  Accordingly, the district court

granted White's § 2255 motion, vacated the judgment in his criminal case, and

directed the U.S. Probation Office to prepare an updated guidelines calculation.

## C.     Resentencing Proceedings

Upon reviewing White's prior convictions in accordance with the district

court's order, the probation officer determined that White still qualified for the

ACCA enhancement based on the following Florida convictions:

(a) Unlawful Sale, Manufacture or Delivery of a Controlled Substance
within 1000 Feet of a Church, Volusia County Circuit Court, Case
No. 01-CF-30133, a felony controlled substance offense, sentenced
on June 9, 2003;
(b) Unlawful Sale/Delivery of a Controlled Substance (two counts),
Volusia County Circuit Court, Case No. 01-CF-35118, a felony
controlled substance offense, sentenced on June 9, 2003; and
(c) Resisting Arrest with Violence, Volusia County Circuit Court,
Case No. 08-CF-31971, a felony crime of violence, sentenced on
September 21, 2010.

The district court directed the parties to respond to the probation officer's

recommendation.  The government agreed with the probation officer's assessment

---

[2]It appears that the state court merely corrected clerical errors in the case numbers associated with the two cases, but did not substantively alter White's convictions in any way. Initially, however, the government mistakenly believed that the state court had only amended White's resisting an officer with violence conviction to a fleeing and eluding conviction.  As a result, the government initially believed that, after Johnson, White had only two qualifying predicate offenses—his two sale of a controlled substance offenses.

that White remained an armed career criminal.  In relevant part, the government argued that White's conviction for resisting an officer with violence under Fla. Stat. § 843.01 categorically qualifies as violent felony under the ACCA's elements clause, citing this Court's decisions in United States v. Hill, 799 F.3d 1318 (11th Cir. 2015), and United States v. Romo-Villalobos, 674 F.3d 1246 (11th Cir. 2012), both of which held that a conviction under § 843.01 involves the requisite degree of force to qualify as an offense that "has as an element the use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(e)(2)(B)(i).

White contended that his resisting an officer with violence conviction did not qualify as an ACCA predicate under the elements clause.  White asserted that Romo-Villalobos had been abrogated by the Supreme Court's subsequent decisions in Moncrieffe v. Holder, 569 U.S. 184, 133 S. Ct. 1678 (2013), and Descamps v. United States, 570 U.S. 254, 133 S. Ct 2276 (2013).  Although Hill was decided after Moncrieffe and Descamps, White argued that Hill failed to consider Moncrieffe or Descamps, and as such, need not be followed.  White maintained that, applying the appropriate analysis, convictions under § 843.01 do not qualify as ACCA predicates under the elements clause because: (1) the "violence" element of the offense could be satisfied by a de minimis use of force; and (2) the statute requires only general intent to commit the actus reus of the offense (resisting an officer) and does not require a specific intent to apply violent force.

At the resentencing hearing, White first argued that the government should be bound by its initial stipulation that he was no longer an armed career criminal. White then reiterated his arguments as to why his § 843.01 conviction did not qualify as an ACCA predicate under the elements clause. The government responded that it should not be bound by the stipulation because it was made based on incorrect facts and that Hill controlled the outcome of this case. See Hill, 799 F.3d at (holding, after Moncrieffe and Descamps, that a conviction under § 843.01 categorically qualifies as a violent felony under the ACCA's elements clause).

The district court agreed with the government that it was bound by Hill and concluded that White still qualified as an armed career criminal. Accordingly, the district court resentenced White to the same 180-month sentence he originally received and issued an amended judgment to that effect. White now appeals from that amended judgment.

## II. DISCUSSION[3]

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years (180 months) if he has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is any crime punishable by a term of imprisonment exceeding one year that:

---

[3]We review de novo whether a prior conviction is a violent felony within the meaning of the ACCA. United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

6

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In Samuel Johnson, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague, but did not call into question the validity of the ACCA's enumerated crimes or elements clause.  135 S. Ct. at 2563.  Under the elements clause, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person."  Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010).

Florida law provides that anyone who "knowingly and willfully resists, obstructs, or opposes any [law enforcement] officer . . . by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree." Fla. Stat. § 843.01.  Under Florida law, resisting an officer with violence is a general intent crime, meaning that the defendant must have a general intent to knowingly and willfully impede an officer in the performance of his or her duties, and need not have the specific intent of doing violence.  Polite v. State, 973 So. 2d 1107, 1112 (Fla. 2007); Frey v. State, 708 So. 2d 918, 920 & n.2 (Fla. 1998).  In

7

other words, to be convicted under § 843.01, the defendant must deliberately engage in the violent conduct with the purpose of resisting or obstructing a law enforcement officer.  See Polite, 973 So. 2d at 1112-13 (explaining that the words "knowingly" and "willfully" require a defendant to act with "awareness or understanding . . . intending the result which actually comes to pass").

Furthermore, "violence is a necessary element of the offense" of resisting an officer with violence.  Rawlings v. State, 976 So. 2d 1179, 1181-82 (Fla. Dist. Ct. App. 2008); accord Walker v. State, 965 So. 2d 1281, 1284 (Fla. Dist. Ct. App. 2007) ("One of the elements of resisting arrest with violence under section 843.01 is either offering to do violence or actually doing it.").  And Florida courts have held that "[o]ffering to do violence plainly involves the threat of physical force or violence[,] while actually doing violence involves the use . . . of physical force or violence."  Harris v. State, 5 So. 3d 750, 751 (Fla. Dist. Ct. App. 2009) (internal quotation marks omitted) (third alteration in original); see also Walker, 965 So. 2d at 1284.  Furthermore, in analyzing Florida's own violent career criminal sentencing statute, the Florida Supreme Court has interpreted the phrase "involving the use or threat of physical force or violence" to require more than de minimis or slight force.  See State v. Hearns, 961 So. 2d 211, 218-19 (Fla. 2007).

In sum then, to be convicted of resisting an officer with violence under § 843.01, a defendant must intentionally resist or obstruct a law enforcement

8

officer in the performance of his duties by conduct that involves either the threatened use or actual use of more than de minimis force against the officer. As we previously explained in Romo-Villalobos and Hill, this "is sufficient for liability under the [elements clause] of the ACCA." Romo-Villalobos, 674 F.3d at 1251 (internal quotation marks omitted); Hill, 799 F.3d at 1322-23.

Moreover, in Romo-Villalobos, this Court considered and rejected the very same arguments that White raises here. See Romo-Villalobos, 674 F.3d at 1249-51. White argues on appeal, as he did in the district court, that convictions under § 843.01 cannot qualify under the elements clause because (1) the "doing violence" element of the offense can be satisfied by de minimis force, and (2) the offense requires only a general intent to commit the actus reus, and not a specific intent to use violent force.

With regard to his first argument, White relies on State v. Green, 400 So. 2d 1322, 1323-24 (Fla. Dist. Ct. App. 1981), in which the Fifth District Court of Appeal ("DCA") reversed the trial court's dismissal of a § 843.01 charge based on the defendant's contention that he had merely "wiggled and struggled" when officers attempted to arrest him. As we explained in Romo-Villalobos, however, the Fifth DCA did not hold that de minimis contact was sufficient to satisfy the "doing violence" element of § 843.01. Romo-Villalobos, 674 F.3d at 1249. Rather, the Fifth DCA concluded that the defendant's description of his conduct

9

was ambiguous and, viewed in the light most favorable to the state, a factual issue existed for trial as to whether the defendant had engaged in conduct sufficient to satisfy the "doing violence" element. Id.; Green, 400 So. 2d at 1323-24. In any event, as explained above, under Florida law "doing violence" requires the use or threatened use of physical force that is more than slight or de minimis. See Hearns, 961 So. 2d at 218-19; Harris, 5 So. 3d at 751.

As for his second argument, White contends that because § 843.01 does not require the specific intent to use violent force, a defendant may be convicted for conduct that is merely reckless, and reckless conduct does not satisfy the elements clause's "use of force" requirement. Like his first argument, White's characterization of Florida law regarding general intent crimes is incorrect. In Romo-Villalobos, this Court explained that the Florida Supreme Court has never equated the general intent required for commission of an offense under § 843.01 with recklessness, and Florida courts have distinguished general intent crimes, which prohibit either "a specific voluntary act or something that is substantially certain to result from the act," from accidental or strict liability crimes. Romo-Villalobos, 674 F.3d at 1250-51 (internal quotation marks omitted). This analysis is consistent with our discussion above, which shows that to be convicted of an offense under § 843.01, a defendant must deliberately engage in conduct that actually involves the use or threatened use of violent physical force for the purpose

10

of impeding an officer in his duties.  See Polite, 973 So. 2d at 1112-13; Harris, 5

So. 3d at 751; Hearns, 961 So. 2d at 218-19.

Finally, in an effort to avoid the binding force of Romo-Villalobos and Hill,

White argues that this Court need not follow our prior panel precedent rule in this

case because (1) Romo-Villalobos has been abrogated by the Supreme Court's

decisions in Moncrieffe and Descamps, and (2) in following Romo-Villalobos, Hill

failed to consider the impact of those decisions.  See United States v. Archer, 531

F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior

panel's holding is binding on all subsequent panels unless and until it is overruled

or undermined to the point of abrogation by the Supreme Court or by this court

sitting en banc.").  In support of his position, White cites Tucker v. Phyfer, 819

F.2d 1030, 1035 n.7 (11th Cir. 1987), in which a panel of this Court declined to

follow the reasoning of a prior panel because the prior panel had not considered

relevant Supreme Court precedent.

We disagree with White's assertions that Romo-Villalobos has been

abrogated by Moncrieffe and Descamps and that the Hill panel erred in relying on

Romo-Villalobos without explicitly addressing those decisions.[4]  Even if we

agreed with White's position, however, Hill would still bind us, Tucker

---

[4]White is of the opinion that the Hill Court's failure to mention Moncrieffe and
Descamps in analyzing § 843.01 reflects a failure to consider those decisions.  We think it more
likely that the Hill Court simply saw no need to discuss those decisions because they had no
impact on the accuracy of Romo-Villalobos's reasoning.

11

notwithstanding.  This Court sitting en banc has since reiterated that "[u]nder our prior precedent rule, a panel cannot overrule a prior one's holding <u>even though convinced it is wrong</u>."  <u>United States v. Steele</u>, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) (emphasis added).  Moreover, this Court repeatedly has rejected the argument that there is an exception to the prior panel precedent rule where a prior panel allegedly failed to address relevant Supreme Court precedent.  <u>See, e.g.</u>, <u>United States v. Fritts</u>, 841 F.3d 937, 942 (11th Cir. 2016) ("Under this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent."); <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1303 (11th Cir. 2001) ("[I]f there ever was an exception to the prior precedent rule such as that expressed in <u>Tucker</u>, it did not survive the pronouncement of the en banc Court in [<u>Steele</u>] . . . .").

In sum, given <u>Romo-Villalobos</u> and <u>Hill</u>, White's challenge to his ACCA sentence fails, and the district court did not err in resentencing him as an armed career criminal based on his conviction for resisting an officer with violence under Fla. Stat. § 843.01.  Accordingly, we affirm.

**AFFIRMED.**