[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11602
Non-Argument Calendar
_____

D. C. Docket No. 08-00054-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GRANT JACKSON,
a.k.a. Anthony Brant Jackson,
a.k.a. Anthony Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 2, 2009)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Anthony Grant Jackson appeals from his 180-month sentence following his

guilty plea to possession of a firearm by a convicted felon. Prior to the instant

arrest, Jackson had been convicted of several crimes -- including possession and delivery of cocaine; robbery with a firearm, burglary of a dwelling, and aggravated battery, all arising from a single incident and arrest; and resisting an officer with violence, in violation of Fla. Stat. § 843.01 -- and was classified as an "armed career criminal," under the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e)(1). On appeal, Jackson argues that: (1) "resisting an officer with violence," as defined by the Florida statute under which he was convicted, and as interpreted by the Florida Supreme Court, does not qualify as a violent felony within the meaning of the ACCA; and (2) the application of 18 U.S.C. § 924(e) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). After thorough review, we affirm.

We review de novo a district court's determination that a particular conviction is a "violent felony" within the meaning of the ACCA. United States v. Canty, 570 F.3d 1251, 1254-55 (11th Cir. 2009). We also review de novo claims that a sentence violates Apprendi. United States v. Clay, 376 F.3d 1296, 1300 (11th Cir. 2004). "This [C]ourt will review de novo appeals alleging error in an indictment under Apprendi, but we will reverse only for harmful error." Id.

First, we are unpersuaded by Jackson's argument that "resisting an officer with violence," as defined by the Florida statute under which he was convicted,

and as interpreted by the Florida Supreme Court, does not qualify as a violent felony within the meaning of the ACCA. The ACCA mandates a minimum term of 15 years' imprisonment for anyone who is convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and who has three previous convictions for a violent felony and/or a serious drug offense. It defines a violent felony, in relevant part, as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

We use a "categorical" approach when determining whether a prior conviction is a qualifying offense for ACCA enhancement purposes. United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007). That is, we will "look no further than the fact of conviction and the statutory definition of the prior offense" to determine whether a conviction fits the ACCA's definition of a violent felony. Id. "In determining whether a crime is a violent felony . . . we examine it in terms of how the law defines the offense and not in terms of how an individual

3

offender might have committed it on a particular occasion." United States v. Harrison, 558 F.3d 1280, 1285 (11th Cir. 2009) (quotation and brackets omitted). The issue of whether the federal ACCA applies to a state-law-defined crime is a question for federal courts, and state court rulings on the issue are not binding. United States v. Johnson, 528 F.3d 1318, 1321 (11th Cir. 2008), cert. granted, 129 S.Ct. 1315 (U.S. Feb. 23, 2009).

Florida law provides that resisting an officer with violence is a felony: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree . . . ." Fla. Stat. § 843.01. In Frey v. State, 708 So.2d 918, 920 (Fla. 1998), the Florida Supreme Court held that resisting an officer with violence does not require a heightened or particularized intent, "only a general intent to 'knowingly and willfully' impede an officer in the performance of his or her duties."

The Florida statute defines resisting an officer with violence as "knowingly and willfully" resisting an officer by "offering or doing violence to the person of such officer . . . ." Fla. Stat. § 843.01. Nothing in Frey contradicts the statute's plain language, which involves the "use, attempted use, or threatened use of

4

physical force against the person of another," as defined to be a predicate violent felony offense under the ACCA. 18 U.S.C. § 924(e)(2)(B).[1] Under our categorical analysis, Jackson's conviction of resisting an officer with violence therefore qualifies as a "violent felony" within the meaning of the ACCA, and we need not turn to a specific factual inquiry. See Llanos-Agostadero, 486 F.3d at 1196-97.[2] The district court did not err when it concluded that Jackson's criminal history warranted a corresponding sentence enhancement.

We also reject Jackson's alternative argument that, because he used minimal force, his crime does not qualify as a violent felony. We have held that a prior conviction involving only a minimal amount of force can still constitute a violent felony. See, e.g., Johnson, 528 F.3d at 1321-22 (holding that a Florida conviction

---

[1] Jackson's claim that, because the Florida Supreme Court has deemed it a "general intent" crime, Frey, 708 So.2d at 920, resisting an officer with violence is not a violent felony within the meaning of the ACCA is unpersuasive. Although the United States Supreme Court analyzed a similar statute and found that "use of force" or a threat to use force requires a "higher degree of intent than negligent or merely accidental conduct," the Court did not cast its decision in terms of "specific" and/or "general" intent. See Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). Thus, whether or not Frey deemed the crime to be one of "general intent" is irrelevant to the violent felony inquiry.

[2] Likewise, Jackson's reliance on State v. Green, 400 So.2d 1322 (Fla. Dist. Ct. App. 1981), is misplaced. In Green, an intermediate Florida state court held that a defendant who "wiggled and struggled" to free himself from handcuffs was not entitled to dismissal of a charge of resisting an officer with violence. Id. at 1323. The court reasoned that the ambiguous description of the defendant's actions "prevent[ed] a determination by the trial court that [the defendant]'s conduct was or was not, as a matter of law, with violence." Id. The issue before us however, does not involve an analysis of Jackson's specific conduct. See Harrison, 558 F.3d at 1284. Instead, we only examine "how the law defines the offense," and not "how an individual offender might have committed it on a particular occasion." Id. at 1285 (quotation omitted).

5

for battery was a violent felony, which may be committed by "intentional touching"); United States v. Young, 527 F.3d 1274, 1278 (11th Cir. 2008) (holding that battery of a child involving bodily fluids was a violent felony within the meaning of the ACCA). Indeed, Jackson acknowledges our prior holdings. Although the Supreme Court has granted certiorari in Johnson, 129 S.Ct. 1315 (U.S. Feb. 23, 2009), pending a decision, it remains the law of this circuit.

We likewise find no merit in Jackson's claim that the application of 18 U.S.C. § 924(e) is unconstitutional. In Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), the Supreme Court held that the factual issue of whether a defendant has been convicted of an "aggravated felony" for sentencing-enhancement purposes is not a constitutional "element of the offense," and it is not required to be alleged in the indictment. We are bound by that decision, and we have rejected the argument that Almendarez-Torres is undermined by the Supreme Court's later holding in Apprendi. United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006).

Jackson concedes that our previous holdings reject his argument. Although he argues that the Supreme Court appears to be ready to reconsider the issue, we have cautioned against such reasoning as the basis for an appeal: "The problem with lower courts basing decisions on predictions that the Supreme Court will

6

overturn one of its own decisions is that the Supreme Court has repeatedly told us not to do it." Id. at 1275.    Accordingly, the district court did not err, and we affirm.

**AFFIRMED.**