[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2010
JOHN LEY
CLERK

No. 10-10278
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00015-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY A. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Jimmy A. Jones received a 180-month sentence, the statutory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Jones asserts the district court erred in sentencing him under the ACCA because one of his prior crimes—resisting an officer with violence in violation of Florida Statute § 843.01—should not qualify as a predicate offense under the statute.

The district court did not err in finding that Florida Statute § 843.01 constitutes a predicate offense under the ACCA.[1] A predicate "violent felony" is any crime punishable by more than one year in prison and that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).[2] To determine whether a prior conviction is a qualifying offense under the ACCA, we apply a categorical approach. *United States v. Harrison*, 558 F.3d 1280, 1284 (11th Cir. 2009). That is, we look only

---

[1] We review de novo a district court's determination that a particular conviction qualifies as a "violent felony" under the ACCA. *United States v. Canty*, 570 F.3d 1251, 1254 (11th Cir. 2009).

[2] A crime can also be a "violent felony" if it is punishable by more than one year in prison, and "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). It appears that neither the court nor the parties addressed this residual clause in the district court, so we will not address it on appeal.

at "the fact of conviction and the statutory definition of the prior offense." *Id.* (quotation omitted).

The Supreme Court has held that the type of "physical force" required under the ACCA is "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010) (holding that simple battery—the actual and intentional touching of another—does not constitute a predicate offense because the ACCA requires "*violent* force," not merely offensive contact). Though the meaning of "physical force" is a question of federal law, not state law, we are bound by the Florida Supreme Court's interpretation of the elements of the statute at issue. *Id.* at 1269.

Florida Statute § 843.01 states in pertinent part: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree . . . ." As to the sort of force required to sustain a conviction under § 843.01, Florida appellate courts have held that "violence is a necessary element of the offense," indicating that mere offensive touching, like in simple battery, would not suffice. *See Rawlings v. State*, 976 So.

2d 1179, 1181 (Fla. 5th DCA 2008); *Harris v. State*, 5 So. 3d 750, 751 (Fla. 1st DCA 2009).[3]

Moreover, the Florida Supreme Court has specifically recognized the distinction drawn by the U.S. Supreme Court in *Johnson*—namely, that the offensive touching involved in simple battery does not rise to the level of "violent force." In *State v. Hearns*, the Florida Supreme Court explained that battery on a law-enforcement officer requires merely nonviolent, albeit unwanted, contact, and that it need not involve "the use or threat of physical force or violence." *See* 961 So. 2d 211, 215 (Fla. 2007). Accordingly, the court held that battery on a law-enforcement officer does not constitute a "forcible felony" under Florida law. *Id.* at 218–19.

But, as a Florida appellate court has explained, "[R]esisting an officer with violence to his or her person, in violation of section 843.01, differs significantly from simple battery on a law enforcement officer . . . ." *Harris*, 5 So. 3d at 751. In other words, because "violence is a necessary element of the offense," *Rawlings*, 976 So. 2d at 1181, "resisting an officer with violence" is unlike the

---

[3] When the state supreme court has not definitively determined a point of state law, we are bound to adhere to decisions of the state's intermediate courts absent some indication that the state supreme court would hold otherwise. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

mere touching at issue in simple battery. Rather, a violation of § 843.01 involves the sort of "*violent* force" contemplated by the Supreme Court as falling within the scope of the ACCA.[4] *Johnson*, 130 S. Ct. at 1271.

Applying a categorical approach, we conclude that a conviction under Florida Statute § 843.01 constitutes a predicate "violent felony" under the ACCA. Accordingly, Jones's sentence is affirmed.[5]

**AFFIRMED.**

---

[4] Jones argues that the "offering or doing violence" element of § 843.01 cannot satisfy the ACCA's "violent force" requirement because a defendant could "offer[] or do[] violence" in a merely negligent or reckless way. We are unpersuaded by this argument. Even if § 843.01 is a general intent crime, *see Frey v. State*, 708 So. 2d 918, 920 (Fla. 1998), the fact remains that the sort of force contemplated by the statute is "violent force," *see Rawlings*, 976 So. 2d at 1181 ("[V]iolence is a necessary element of the offense."). This is sufficient for liability under the first prong of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).

[5] Jones also contends that the district court erred by concluding it was bound by an unpublished opinion, *United States v. Jackson*, 355 Fed. App'x 297 (11th Cir. 2009). We review the court's reliance on *Jackson* only for plain error because Jones did not object in the district court. *See United States v. Frank*, 599 F.3d 1221, 1238 (11th Cir. 2010) (reviewing for plain error where the defendant failed to object). Here, the court even specifically asked if either party disagreed that *Jackson* controlled, and Jones said nothing.

We conclude that any error did not affect the outcome of the proceedings. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (holding we may correct an error only if, among other things, the error "affected the outcome of the district court proceedings") (quotations omitted). The district court specifically stated that, even without *Jackson*, "the only conclusion one can come to" using the categorical approach is that Florida Statute § 843.01 constitutes a predicate offense under the ACCA.