[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11602
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00054-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GRANT JACKSON,
a.k.a. Anthony Brant Jackson,
a.k.a. Anthony Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2011)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for reconsideration in light of Johnson v. United States, __ U.S. __, 130 S. Ct. 1265 (2010). We previously affirmed Appellant's 180-month sentence following his guilty plea to possession of a firearm by a convicted felon. United States v. Jackson, 355 F. App'x 297 (11th Cir. 2009) ("Jackson I") (unpublished), vacated by 131 S. Ct. 896 (2011). In Jackson I, Appellant argued, among other things, that the district court erred in imposing an enhancement based on the Armed Career Criminal Act ("ACCA"), because "resisting an officer with violence," as defined by the Florida statute under which he was convicted, and as interpreted by the Florida Supreme Court, does not qualify as a "violent felony" within the meaning of the ACCA. We rejected that claim because, under the "categorical" approach we use in determining whether a prior conviction is a qualifying offense for ACCA enhancement purposes, Jackson's conviction of resisting an officer with violence qualifies as a violent felony under the ACCA, and we do not turn to a specific factual inquiry. See Jackson I, 355 F. App'x at 298-99.

We also mentioned -- in response to one of Jackson's arguments -- that under our law, a minimal amount of force can still constitute a violent felony, citing our decision in United States v. Johnson, 528 F.3d 1318 (11th Cir. 2008), reversed and remanded by 130 S. Ct. 1265 (2010). The Supreme Court vacated

2

our prior decision in Jackson I and remanded the case to us for further consideration in light of its decision in Johnson. See Jackson v. United States, 131 S. Ct. 896 (2010). We asked for, and have received, supplemental briefs from the parties on the effect of Johnson on this case.

On reconsideration, we affirm, once again, Jackson's sentence. A crime is a "violent felony" under the ACCA if it satisfies the "residual clause" of the statute, which requires that the crime is punishable by more than one year in prison, and "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). In United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010), we held that resisting an officer with violence is a violent felony under the residual clause. We are bound to follow Nix unless and until it is overruled by this Court en banc or by the Supreme Court. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008). Therefore, we must conclude that resisting an officer with violence constitutes a violent felony within the meaning of the residual clause of the ACCA.[1]

---

[1] Contrary to Jackson's argument, the United States did not need to cross-appeal the district court's ruling applying the elements clause and rejecting the application of the residual clause in order to preserve its argument pertaining to the residual clause. See United States v. American Ry. Exp. Co., 265 U.S. 425, 435 (1924) ("the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it"); United States v. Arthur Young & Co., 465 U.S. 805, 814

3

Accordingly, we substitute our previous opinion in this case with this one and affirm Jackson's sentence after our further consideration in light of <u>Johnson</u>, pursuant to the Supreme Court's remand.

**OPINION SUBSTITUTED; SENTENCE AFFIRMED.**

---

n.12 (1984) ("[A] prevailing party may urge any ground in support of the judgment, whether or not that ground was relied upon or even considered by the court below."). Because the government's reliance on this alternative argument -- advanced at every step of this litigation -- that resisting an officer with violence also is a violent felony under the residual clause does not seek to "enlarg[e]" its rights under the district court's order, this argument has been preserved for appellate review. <u>American Ry. Exp. Co.</u>, 265 U.S. at 435.