[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10315
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-20731-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BARROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Anthony Barrow appeals his total 144-month sentence of imprisonment, originally imposed after he pled guilty to two counts of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The district court reimposed the 144-month sentence after having granted Barrow's 28 U.S.C. § 2255 motion to vacate the original sentence. On appeal, Barrow argues that the district court erred by including his prior conviction for resisting a police officer with violence, under Fla. Stat. § 843.01, when applying the career offender provision of the Sentencing Guidelines.

We apply *de novo* review to the district court's decision to sentence a defendant as a career offender under the Sentencing Guidelines. *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010).

In order to be sentenced as a career offender under the Sentencing Guidelines, a defendant must have at least two felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). For purposes of the career offender provision, the Guidelines define a "crime of violence" as one that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that

presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

In *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010), this Court held that a conviction for resisting a police officer with violence, in violation of Fla. Stat. § 843.01, constitutes a "violent felony" under the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). We have repeatedly recognized that the ACCA's definition of "violent felony" is "virtually identical" to U.S.S.G. § 4B1.2(a)'s definition of "crime of violence." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). As a result, *Nix* forecloses Barrow's argument that a conviction under Fla. Stat. § 843.01 is not a "crime of violence" under U.S.S.G. § 4B1.2(a).

We reject Barrow's contention that the Supreme Court's decision in *Johnson v. United States*, 559 U.S. ----, 130 S.Ct. 1265 (2010), compels this Court to modify our binding precedent. In *Johnson*, the Supreme Court held that a battery under Fla. Stat. § 784.03(1)(a) is not a "violent felony" under the ACCA. *Id.* at 1270. The *Johnson* court, however, explicitly declined to consider the meaning of "violent felony" under the ACCA's "residual clause." *Id.* at 1274.

Because the ACCA's "residual clause" is at issue here, *Johnson* is not clearly on point and does not bind us in this case.[1] *See Archer*, 531 F.3d at 1352.

Accordingly, the district court did not err in sentencing Barrow as a career offender based on his prior conviction for resisting an officer with violence.

**AFFIRMED.**

---

[1] We find persuasive this Court's analysis in *United States v. Jackson*, ---- F. App'x ----, 2011 WL 4360910, at *1 (11th Cir. 2011) (unpublished). In *Jackson*, a panel of this Court affirmed a determination that resisting an officer with violence under Florida law was a "violent felony" within the meaning of the ACCA. *Id.* The Supreme Court, however, subsequently remanded the case for further consideration in light of *Johnson*. On remand, this Court noted *Nix* remained binding precedent and again held that "resisting an officer with violence constitutes a violent felony within the meaning of the residual clause of the ACCA." *Id.*