**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

—————————

**No. 17-4120**

—————————

UNITED STATES OF AMERICA,

         Plaintiff - Appellant,

    v.

DONALD COVINGTON,

         Defendant - Appellee.

—————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:14-cr-00006-1)

—————————

Argued:  October 26, 2017                  Decided:  January 18, 2018

—————————

Before TRAXLER and AGEE, Circuit Judges, and Loretta C. BIGGS, United States District Judge for the Middle District of North Carolina, sitting by designation.

—————————

Vacated and remanded by published opinion.  Judge Biggs wrote the opinion, in which Judge Traxler and Judge Agee joined.

—————————

**ARGUED:** Philip Henry Wright, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant.   Philip Bradley Sword, SHUMAN, MCCUSKEY & SLICER, PLLC, Charleston, West Virginia, for Appellee. **ON BRIEF:** Carol A. Casto, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant.

—————————

LORETTA COPELAND BIGGS, District Judge:

The government appeals the district court's determination that the West Virginia criminal offense of unlawful wounding, W. Va. Code § 61-2-9(a), is not a crime of violence under the force clause of § 4B1.2 of the United States Sentencing Guidelines (the "Guidelines"). For the reasons stated below, we vacate the sentence imposed by the district court and remand for resentencing.

I.

Donald Covington pleaded guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Covington's presentence report classified him as a "career offender" under § 4B1.1(a) of the Guidelines based on two prior felony convictions: one for robbery with a firearm, and the other for the offense of unlawful wounding under West Virginia law. Covington did not object to the career offender classification; however, prior to sentencing, the district court sua sponte ordered the parties to brief the issue whether unlawful wounding qualifies as a crime of violence under the Guidelines.

At sentencing, the district court concluded that West Virginia's unlawful wounding offense did not qualify as a crime of violence and, therefore, Covington was not a career offender. The district court then calculated the advisory sentencing guideline range applicable to Covington as 18–24 months, rather than, a sentence of "at least 12 and a half years . . . if the career offender guideline was applied," J.A. 106. Since Covington had already been detained on a pretrial basis for about thirty-seven months prior to sentencing, the district court imposed a sentence of time served and ordered Covington's release.

## II.

The sole issue before this Court is whether the offense of unlawful wounding under West Virginia law is a crime of violence under the Guidelines, as the government contends. This Court reviews de novo the question whether a prior state conviction qualifies as a crime of violence. *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017).

## A.

The term "crime of violence" is defined in § 4B1.2 of the Guidelines, which reads as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). Section 4B1.2(a)(1) is generally referred to as the "force clause" and § 4B1.2(a)(2) as the "enumerated clause." *See, e.g.*, *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 273 (2017). Because the government does not argue that the predicate crime at issue in this appeal, unlawful wounding under West Virginia law, is an enumerated offense, we consider whether it qualifies as a crime of violence under the force clause only.

To determine whether a defendant's prior conviction qualifies as a crime of violence, this Court applies the "categorical approach." *Salmons*, 873 F.3d at 448. The categorical approach directs a court to focus solely on the fact of conviction rather than the facts of the case. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The Court must compare the elements required for conviction of an offense to the element(s) required for application of the sentence enhancement, while ignoring the conduct that gave rise to a particular defendant's past conviction. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991). As recognized by the Supreme Court, the categorical approach is straightforward when a statute is indivisible, that is, when the statute defines only a single crime with a single set of elements. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). However, where a statute defines multiple crimes by listing multiple alternative elements, which renders the statute divisible, the categorical approach is made more difficult. *Id.* at 2249. Where a statute is divisible, the Court generally must first apply a "modified categorical approach" to determine which of the alternative elements are integral to a defendant's conviction. *Id.* This approach allows a court to look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of," before proceeding "as the categorical approach commands." *Id.* The modified approach acts as a tool, rather than an exception, to "help[ ] implement the categorical approach when a defendant was convicted of violating a divisible statute." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

The statute at issue here, West Virginia Code § 61-2-9(a), reads as follows:

4

> If any person *maliciously* shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If the act is done *unlawfully*, but not *maliciously*, with the intent aforesaid, the offender is guilty of a felony and, upon conviction thereof, shall either be imprisoned in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

W. Va. Code § 61-2-9(a) (emphasis added). It is clear that the West Virginia statute in question is divisible in that it lists two separate crimes with different elements and punishments. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] they must be elements."). Because neither party challenges the district court's determination that Covington was convicted of unlawful, not malicious, wounding, which the record supports, this Court need not employ the modified categorical approach here. *See United States v. Carthorne*, 726 F.3d 503, 512 (4th Cir. 2013) ("The divisible nature of Virginia Code § 18.2-57(C), however, does not require application of the modified categorical approach in the present case because the parties agree, and the record shows, that Carthorne was convicted under that statute of the distinct offense of assault and battery of a police officer."). The Court will, therefore, compare the offense of unlawful wounding with the requirements of the force clause. *See Salmons*, 873 F.3d at 449.

B.

The force clause provides that an offense is a crime of violence when it "has as an element the use, attempted use, or threatened use of physical force against the person of

5

another." U.S.S.G. § 4B1.2(a)(1). The Supreme Court has interpreted the term "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).[1] Further, this Court focuses on the "minimum conduct" required for conviction in categorically comparing the offense to the controlling definition of the force clause. *See United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016). Thus, to qualify as a crime of violence under the force clause, the minimum conduct necessary for conviction of an offense must at least involve violent force. *See id*. Therefore, "[a] predicate offense qualifies as a crime of violence if all of the conduct criminalized by the statute—'including the most innocent conduct'—matches or is narrower than the Guidelines' definition of 'crime of violence.'" *Salmons*, 873 F.3d at 448 (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)).

Comparing the elements of the force clause as articulated above, with the elements of the West Virginia offense of unlawful wounding, yields the conclusion that unlawful wounding under § 61-2-9(a) categorically qualifies as a crime of violence under the force clause. Section 61-2-9(a) applies only to a defendant who "shoots, stabs, cuts or wounds any person, or by any means cause[s] him or her bodily injury with intent to maim, disfigure, disable or kill," W. Va. Code § 61-2-9(a). The statute's text thus dictates that

---

[1] In *Johnson*, the Supreme Court considered a challenge arising under the "violent felony" sentence enhancement found in the Armed Career Criminal Act ("ACCA"), not under the Guidelines. *Johnson*, 559 U.S. at 135. However, this distinction is immaterial as this Court applies precedents interpreting "violent felony" under the ACCA and "crime of violence" under the Guidelines "interchangeably." *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (quoting *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012)).

the minimum conduct required for conviction of unlawful wounding must at least involve physical force capable of causing physical injury to another person. *See United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017) (concluding that the "'knowingly and willfully inflict[ing] bodily injury' on another person" element of a Virginia criminal offense "squarely matches ACCA's force clause, which requires force that is 'capable of causing physical pain or injury'" (alteration in original) (first quoting Va. Code Ann. § 18.2-55) (then quoting *Johnson*, 559 U.S. at 140)), *cert. denied*, No. 17-6359, 2017 WL 4574355 (U.S. Nov. 13, 2017).

## C.

The district court in this case, in concluding that unlawful wounding did not qualify as a crime of violence, relied on this Court's decision in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012). There this Court stated that "a crime may *result* in death or serious injury without involving the *use* of physical force," such as "by threatening to poison another, which involves no use or threatened use of force." *Torres-Miguel*, 701 F.3d at 168–69. Based on *Torres-Miguel*, the district court hypothesized that a defendant could commit unlawful wounding by indirect means, such as "by withholding much-needed medication from someone gravely ill, or by 'telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim.'"[2] J.A. 102. The court thus found that "while West Virginia's unlawful

---

[2] The district court explained that these examples were taken from *Whyte v. Lynch*, 807 F.3d 463, 469 (1st Cir. 2015).

wounding statute requires a bodily injury [causally] linked to the conduct of the defendant, it does not require the defendant to have used violent force" as required in the force clause.[3] J.A. 102.

The government argued before the district court that *United States v. Castleman*, 134 S. Ct. 1405 (2014), had abrogated the direct versus indirect use of force distinction articulated in *Torres-Miguel*. In *Castleman*, the Supreme Court explained that when a defendant uses poison against another person, the relevant "'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Castleman*, 134 S. Ct. at 1415. The district court nevertheless rejected the government's argument and further concluded that "*Castleman* is simply not controlling." J.A. 100. Since Covington's sentencing below, however, this Court has confirmed and reaffirmed in several decisions that the direct versus indirect use of force distinction articulated in *Torres-Miguel* has been abrogated by *Castleman*.[4] *See United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017) (explaining that "*Castleman* abrogates [this Court's] statement in *Torres-Miguel* that the use of poison would not constitute the use of force under *Johnson I*"); *Reid*, 861 F.3d at 529 (concluding that following *Castleman*, "the phrase 'use of physical force'" includes "*indirect*

---

[3] The district court acknowledged that the question whether the offense of unlawful wounding is a crime of violence under the force clause "is a somewhat close call" and "basically boils down to the plain language of the statute." J.A. 102.

[4] *Castleman* did not however abrogate the causation aspect of *Torres-Miguel* that "a crime may *result* in death or serious injury without involving the *use* of physical force," *Torres-Miguel*, 701 F.3d at 168. *See United States v. McNeal*, 818 F.3d 141, 156 n.10 (4th Cir. 2016).

8

applications"); *In re Irby*, 858 F.3d 231, 237–38 (4th Cir. 2017) (noting that "the distinction [this Court] drew in *Torres-Miguel* between indirect and direct applications of force . . . no longer remains valid in light of *Castleman's* explicit rejection of such a distinction"). Thus, the district court's reliance on *Torres-Miguel* concerning the issue presented here was error.

Likewise, the district court erred in considering hypothetical scenarios from cases that did not interpret the criminal offense at issue here. This Court has made clear that its focus on the minimum conduct required for conviction "does not give litigants [or courts] a green light to conjure up fanciful fact patterns in an attempt to find some nonviolent manner in which a crime could be committed." *Salmons*, 873 F.3d at 451. Rather, there must be a "'realistic probability, not a theoretical possibility,' that a state would actually punish that conduct." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (quoting *Gardner*, 823 F.3d at 803), *cert. denied*, 137 S. Ct. 1831 (2017). *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Accordingly, "litigants must point to the statutory text or to actual cases in order to demonstrate that a conviction for a seemingly violent state crime could in fact be sustained for nonviolent conduct." *Salmons*, 873 F.3d at 451. *See Duenas-Alvarez*, 549 U.S. at 193 ("To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special . . . manner for which he argues."). Here, Covington has not identified a single West Virginia case that interprets the offense of unlawful wounding to apply to one who uses force that is not "capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140. In contrast, the government has identified scores of

9

cases that confirm that the unlawful wounding offense only criminalizes the degree of force required under *Johnson*.

## III.

The Court concludes, based on the text of the statute as well as the examination of the convictions under the statute, that the crime of unlawful wounding under West Virginia law, § 61-2-9(a), is categorically a crime of violence under the Guidelines. For the foregoing reasons, we vacate Covington's sentence and remand for resentencing in accordance with this opinion.

*VACATED AND REMANDED*