**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4224**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARWIN URIAH WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:16-cv-00048-GMG-RWT-1)

Submitted:  February 22, 2018           Decided:  February 26, 2018

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron D. Moss, Kristen M. Leddy, FEDERAL PUBLIC DEFENDER'S OFFICE, Martinsburg, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marwin Wilson appeals from the 36-month sentence imposed after he pled guilty to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Wilson argues that the district court erred in applying an enhancement to his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2016). Finding no error, we affirm the sentence.

Wilson received an enhancement to his base offense level under USSG § 2K2.1(a)(4)(A) for committing the offense after sustaining a felony conviction for a crime of violence. The district court relied on Wilson's West Virginia conviction, under W. Va. Code § 61-2-9(a) for unlawful wounding, as the predicate crime of violence. On appeal, Wilson argues that the district court erred by finding that West Virginia unlawful wounding qualifies as a crime of violence as defined by USSG § 4B1.2(a)(1).

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* This court applies de novo review for questions relating to whether a prior state conviction qualifies as a crime of violence. *See United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017).

This court recently held that "based on the text of the statute as well as the examination of the convictions under the statute, that the crime of unlawful wounding under West Virginia law, § 61-2-9(a), is categorically a crime of violence under the Guidelines." *United States v. Covington*, 880 F.3d 129 (4th Cir. 2018); *see* USSG §§ 2K2.1 cmt. n.1 (defining "crime of violence" by reference to USSG § 4B1.2, which applies in career offender context), 4B1.2(a) & cmt. n.1 (defining "crime of violence"). *Covington* therefore negates Wilson's argument.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*