**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4477**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHON WAYNE COBBS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:17-cr-00023-1)

Submitted: June 14, 2018                    Decided: June 18, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Bryne, Research & Writing Specialist, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shon Wayne Cobbs appeals his 48-month sentence imposed following his guilty plea to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Cobbs' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that Cobbs can raise no meritorious issues for appeal but questioning whether the district court erred concluding that Cobbs' prior West Virginia conviction for unlawful wounding was a crime of violence under the Sentencing Guidelines. Cobbs was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response. For the reasons that follow, we affirm.

We review the district court's application of the Guidelines de novo. *United States v. Catone*, 769 F.3d 866, 875 (4th Cir. 2014). The district court enhanced Cobbs' base offense level after determining that he committed his federal firearm offense "subsequent to sustaining one felony conviction of . . . a crime of violence." U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2016); *see* USSG § 4B1.2(a) (defining "crime of violence"). The district court relied upon Cobbs' prior West Virginia conviction for unlawful wounding to serve as the predicate conviction in imposing this enhancement. Counsel questions whether the district court erred in concluding that unlawful wounding categorically qualifies as a crime of violence under the Guidelines. As counsel concedes, however, that argument is squarely foreclosed by our recent decision in *United States v. Covington*, 880 F.3d 129, 135 (4th Cir. 2018) (holding that "the crime of unlawful wounding under West Virginia law . . . is categorically a crime of

2

violence under the Guidelines"). We therefore find no error in Cobbs' enhanced base offense level.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cobbs, in writing, of the right to petition the Supreme Court of the United States for further review. If Cobbs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cobbs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*