**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1726

JUSTIN JOHN ROSE, a/k/a Justin Johnrose,

        Petitioner,

     v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 30, 2020                  Decided: April 6, 2020

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Adina Appelbaum, CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, Washington, D.C.; Michael E. Ward, ALSTON & BIRD LLP, Washington, D.C., for Petitioner. Joseph H. Hunt, Assistant Attorney General, Derek C. Julius, Assistant Director, Kate D. Balaban, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2016, an immigration judge ("IJ") found Justin John Rose, a native and citizen of Dominica, removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony defined in 8 U.S.C. § 1101(a)(43)(F) (defining aggravated felony as including "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year"). The Board of Immigration Appeals ("the Board") dismissed John Rose's subsequent appeal, agreeing with the IJ that John Rose's Virginia conviction for unlawful wounding was a crime of violence as defined in 18 U.S.C. § 16(b) (2018) (defining a crime of violence to include an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

John Rose petitioned this court for review of the Board's order, and in July 2018, we remanded for further proceedings in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague). *See John Rose v. Sessions*, No. 17-1286 (4th Cir. Jul. 26, 2018) (unpublished order). Following remand, the Board again dismissed John Rose's appeal. Citing our decision in *United States v. Jenkins*, 719 F. App'x 241 (4th Cir.), *cert. denied*, 139 S. Ct. 157 (2018), the Board concluded that unlawful wounding under Virginia Code § 18.2-51 (2014) is a "crime of violence" under 18 U.S.C. § 16(a) (2018) (defining a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

2

Before this court, John Rose raises various challenges to the Board's conclusion that he is removable for committing a crime of violence under § 16(a). Although we have thoroughly considered these challenges, we ultimately find them without merit, particularly in light of our cases holding that the Virginia crime of unlawful wounding involves at least the "attempted or threatened" use of physical force. *See United States v. Rumley*, 2020 WL 1222681, at \*8 (4th Cir. Mar. 13, 2020) ("[W]e hold in this case that a conviction of Virginia Code § 18.2-51 is a violent felony for the purpose of applying ACCA's sentencing enhancement, as it involves "the use of physical force . . . ."); *see also Jenkins,* 719 F. App'x at 244–46 ("[T]he minimum conduct necessary to sustain a conviction for unlawful wounding requires the attempted or threatened use of physical force . . . ."); *United States v. James,* 718 F. App'x 201, 204 (4th Cir. 2018) (concluding § 18.2-51 is categorically a crime of violence under the force clause of the U.S. Sentencing Guidelines Manual § 4B1.2(a)); *United States v. Covington,* 880 F.3d 129, 134 (4th Cir.), *cert. denied,* 138 S. Ct. 2588 (2018) (holding that West Virginia's substantially similar unlawful wounding statute is categorically a crime of violence under the Guidelines).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*