**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4192**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BENNETT KIRK LONG,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:18-cr-00274-TMC-1)

_____

Submitted:  November 22, 2021             Decided:  April 1, 2022

_____

Before KING, DIAZ, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  David Alan Brown, Sr., DABROWNLAW LLC, Rock Hill, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bennett Kirk Long pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Long to 77 months' imprisonment. On appeal, Long challenges the procedural reasonableness of his sentence, arguing that the district court erred in increasing his base offense level by finding that his prior South Carolina first-degree assault and battery conviction constituted a crime of violence, and that the district court erred by failing to compel the Government to move for a departure based on his substantial assistance. He also argues that his counsel was ineffective for failing to contest the district court's finding that his assault and battery conviction was a crime of violence.[*] We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). The reasonableness standard entails review for both procedural

---

[*] Although Long did not invoke *Rehaif v. United States*, 39 S. Ct. 2191 (2019), in his briefs, this case was placed in abeyance upon Long's unopposed motion for our decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd Greer v. United States*, 141 S. Ct. 2090 (2021), to decide whether failing to include the "knowledge of status" element, pursuant to *Rehaif*, in a felon-in-possession prosecution is a structural error. After the Supreme Court's reversal of our *Gary* decision in *Greer*, Long filed a letter pursuant to Fed. R. App. P. 28(j) suggesting that he had requested that his § 922(g) conviction be vacated in light of *Rehaif* in his opening brief and requesting that the case be removed from abeyance. However, because Long did not raise the *Rehaif* issue in his brief, the issue is not properly before the court. *See* Fed. R. App. P. 28(a)(8)(A); *Perez Vasquez v. Garland*, 4 F.4th 213, 220 n.4 (4th Cir. 2021) (noting that the court will not consider issues not raised in the briefs).

and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we must consider whether the district court committed "significant procedural error," such as improperly calculating the defendant's Sentencing Guidelines range. *Id.* Because Long did not raise either challenge to the calculation of the Guidelines in the district court, we review the district court's decisions for plain error. *See* Fed. R. Crim. P. 52(b). "To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *United States v. Carthorne*, 726 F.3d 503, 510 (4th Cir. 2013). An error is plain "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Simmons*, 917 F.3d 312, 316 (4th Cir. 2019) (internal quotation marks omitted).

We first address Long's contention that the district court erred in determining that his conviction of first-degree assault and battery under S.C. Code Ann. § 16-3-600(C)(1) constituted a crime of violence. The Sentencing Guidelines define "crime of violence," in pertinent part, as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (2018). Generally, courts must employ a categorical approach to determine whether a prior offense constitutes a crime of violence, "look[ing] exclusively to the *elements* of the prior offense rather than the *conduct* underlying the particular conviction." *United States v. Barcenas-Yanez*, 826 F.3d 752, 756 (4th Cir. 2016) (internal quotation marks omitted). "[W]here a statute defines multiple crimes by listing multiple alternative

3

elements, which renders the statute divisible, . . . the Court generally must first apply a 'modified categorical approach' to determine which of the alternative elements are integral to a defendant's conviction." *United States v. Covington*, 880 F.3d 129, 132 (4th Cir. 2018). Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Applying the modified categorical approach to the divisible statute and looking to the indictment reveals that Long was convicted under S.C. Code Ann. § 16-3-600(C)(1)(b)(i), which criminalizes "unlawfully . . . offer[ing] or attempt[ing] to injure another person with the present ability to do so, . . . accomplished by means likely to produce death or great bodily injury." *See United States v. Drummond*, 925 F.3d 681, 691 (4th Cir. 2019) (stating that "[a]n 'offer' to commit physical harm is, at a minimum, a threat to do so"). We conclude that the district court did not plainly err in finding that Long's conviction under S.C. Code Ann. § 16-3-600(C)(1)(b)(i) for first-degree assault and battery constituted a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 590-92 (1990) (explaining that how a state categorizes an offense is irrelevant for determining whether that offense is a "violent felony" under federal law); *United States v. Doctor*, 842 F.3d 306, 308-09 (4th Cir. 2016) (stating that the court "look[s] to state court decisions to determine the minimum conduct needed to commit an offense" and that the burden lies with the defendant to show that there is a "realistic probability . . . that a state would actually punish that conduct" (internal quotation marks omitted)).

Next, we turn to Long's argument that the district court erred in refusing to compel the Government to move for a substantial assistance departure under USSG § 5K1.1. A government motion is necessary before the sentencing court may depart for substantial assistance. 18 U.S.C. § 3553(e); USSG § 5K1.1. We may review the prosecutor's decision not to move for a departure only "if the refusal is based on an unconstitutional motive such as race or religion, or is not rationally related to a permissible government objective." *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). Before this court may inquire into the Government's reasons for refusing to file the motion, a defendant must make a "substantial threshold showing" of impropriety. *Id.* (citing *Wade*, 504 U.S. at 186). As the Government was not obligated to request a substantial assistance departure, and Long has not made a threshold showing of impropriety on the part of the Government, the district court did not err in not departing for substantial assistance sua sponte.

Finally, Long argues that he received ineffective assistance of counsel because his trial counsel failed to object to the crime of violence enhancement pursuant to USSG § 2K2.1(a)(4)(A). We will not consider a claim of ineffective assistance of counsel on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir.), *cert. denied*, 141 S. Ct. 927 (2020). To prove ineffective assistance of counsel, Long must "show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Long must demonstrate "that counsel's representation fell below an objective standard of

reasonableness" as evaluated "under prevailing professional norms." *Id*. at 688. To satisfy the prejudice prong, Long must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The record does not clearly show ineffectiveness simply because counsel failed to raise Long's nonmeritorious argument—that first-degree assault and battery was not a crime of violence—at the sentencing hearing. Therefore, Long's ineffective assistance of counsel claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*