**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21−4217**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

JEROME DAVIS, a/k/a Jerome Salathiel Davis, a/k/a Rome,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19−cr−00183−FL−1)

_____

Submitted:  October 3, 2022                    Decided:  October 21, 2022

_____

Before WILKINSON and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Anne Margaret Hayes, Cary, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, David M. Lieberman, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATE ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Davis pled guilty to five federal drug and firearms offenses and was sentenced as a career offender. He appeals his career-offender enhancement, arguing that his 2005 conviction for resisting an officer with violence in violation of Fla. Stat. § 843.01 does not meet the federal definition of a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). For the following reasons, we affirm. We also deny Davis's motion to file a supplemental brief raising, for the first time, a challenge to his other career-offender predicate.

I.

Davis pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, heroin, and marijuana; distribution of heroin; possession with intent to distribute cocaine, cocaine base and marijuana; possession of a firearm as a felon; and possession of a firearm in furtherance of a drug-trafficking crime. J.A. 135. The Probation Office recommended that Davis be sentenced as a career offender under U.S.S.G. § 4B1.1. *Id.* at 145. That provision subjects defendants to enhanced sentences if they have at least two prior felony convictions for a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). The Probation Office determined that Davis qualified based on a 2005 Florida conviction for resisting an officer with violence and three 2012 North Carolina convictions for selling or delivering a controlled substance.[1] J.A. 145.

---

[1] The Probation Office determined—and the parties agree—that the three North Carolina convictions, which occurred on the same day, count as just one for purposes of the career-offender provision. *See* J.A. 140; U.S.S.G. § 4B1.2(c).

2

Davis objected to being sentenced as a career offender, arguing that the Florida resisting-an-officer-with-violence offense does not qualify as a crime of violence for purposes of the career-offender provision. *Id.* at 149. The district court stated that it viewed the Probation Office's position as correct and overruled Davis's objection. *Id.* at 57. The court calculated Davis's guideline sentence as 262–327 months and varied downward to impose a sentence of 240 months. *Id.* at 77, 90.

Davis timely appealed. *Id.* at 105. The only issue raised in his opening brief is whether the resisting-an-officer-with-violence offense, Fla. Stat. § 843.01, qualifies as a crime of violence. Opening Br. of Appellant at 8. Davis argues that under *Johnson v. State*, 50 So. 529 (Fla. 1909), *any* unlawful force counts as violent force sufficient to satisfy the violence element of Fla. Stat. § 843.01. Opening Br. at 12–13. But, according to Davis, the Supreme Court has held that in order to constitute a crime of violence under federal law, an offense must require "violent force" that is "capable of causing physical pain or injury to another person." *Id.* at 10 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

After the opening, response, and reply briefs all had been filed, Davis moved to file a supplemental brief raising, for the first time, a challenge to whether his North Carolina drug convictions count as a "controlled substance offense" for purposes of the career-offender provision. *See* Dkt. Entry 46.

II.

"This Court reviews de novo the question whether a prior state conviction qualifies as a crime of violence." *United States v. Covington*, 880 F.3d 129, 131–32 (4th Cir. 2018).

3

The career-offender provision of the Sentencing Guidelines defines "crime of violence" as, *inter alia*, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). To determine whether an offense qualifies, we apply the categorical approach, under which we compare the elements required for conviction of the offense to the elements required for application of the sentencing enhancement. *Covington*, 880 F.3d at 132. The Supreme Court has interpreted "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. "[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*." *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019).

The Florida resisting-an-officer-with-violence offense has as an element the use, attempted use, or threatened use of physical force against the person of another. The offense is a felony that punishes "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." Fla. Stat § 843.01. Florida's appellate courts have uniformly concluded that "violence is a necessary element of the offense." *Rawlings v. State*, 976 So. 2d. 1179, 1181 (Fla. Dist. Ct. App. 2008). They have held that offering or doing violence "plainly involves" using or threatening "physical force or violence." *Harris v. State*, 5 So. 3d 750, 751 (Fla. Dist. Ct. App. 2009) (quotation marks omitted).

We likewise conclude that offering or doing "violence" to the person of an officer entails using or threatening to use "physical force" against a person—as federal law defines

4

"crime of violence." In so holding, we join the considered view of the Eleventh Circuit, which has repeatedly reaffirmed that Fla. Stat. § 843.01 is a crime of violence under federal law. *See, e.g.*, *United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018); *United States v. Romo-Villalobos*, 674 F.3d 1246, 1248–51 (11th Cir. 2012).

Davis's only counterargument to this commonsense conclusion is based on a single sentence in *Johnson v. State*, 50 So. 529 (Fla. 1909). There, the Court upheld a conviction under a predecessor to § 843.01 where the defendant "gripped the hand of the officer, and forcibly prevented him from opening the door for the purpose of making the arrest." *Id.* at 530. It stated that "[t]he force alleged is unlawful, and as such is synonymous with violence." *Id.* So, Davis's argument goes, "violence" under Florida law includes *any* unlawful force, even if that force does not meet the federal threshold for violent force.

We are unpersuaded. First, the force actually used in *Johnson v. State* was force sufficient "to overcome a victim's physical resistance"; it qualified as violent force under *Stokeling*. 139 S. Ct. at 553. Second, Davis has pointed to no Florida case in which a defendant was convicted under § 843.01 despite his conduct not reaching the threshold for violent force under federal law. Third, as a matter of logic and statutory text, we find it unlikely that someone could "knowingly and willfully resist[], obstruct[], or oppose[]" an officer with "violence" against the officer's person, Fla. Stat. § 843.01, *without* using or threatening force that is at least capable of overcoming the officer's "physical resistance," *Stokeling*, 139 S. Ct. at 553. One would not willfully and violently resist an officer with a mere touch.

5

Davis's 2005 conviction under Fla. Stat. § 843.01 was a conviction for a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). The district court correctly concluded that this crime was a predicate offense for purposes of the career-offender sentencing enhancement.

### III.

Finally, we deny Davis's motion to file a supplemental brief challenging, for the first time, whether his North Carolina convictions qualify as a "controlled substance offense" for purposes of the Sentencing Guidelines. *See* Dkt. Entry 46. It is a blackletter rule of appellate procedure that "contentions not raised in the argument section of the opening brief are abandoned." *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004). Davis had two months before his opening brief was filed to raise the issue he would now bring to our attention. Because Davis "fail[ed] to preserve the issue in [his] opening brief," he abandoned it, and "[n]o subsequent filing can revive it." *Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017). We will not deviate from this rule here.

### IV.

For the foregoing reasons, the judgment is affirmed.

*AFFIRMED*