**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4622**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERICKUS J. ASBURY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:20-cr-00280-FDW-DSC-2)

─────────────

Submitted: March 10, 2023                    Decided: June 26, 2023

─────────────

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terickus J. Asbury appeals his conviction and the 151-month sentence imposed following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Asbury's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court properly applied the career offender enhancement under U.S. Sentencing Guidelines Manual § 4B1.1 (2018). Asbury has filed a pro se supplemental brief likewise challenging his career offender designation. For the reasons that follow, we affirm.

Generally, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). However, when "determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (cleaned up).

The district court sentenced Asbury as a career offender based on two prior convictions for North Carolina common law robbery. In challenging the enhancement, Asbury's counsel broadly questions whether this offense counts as a crime of violence under USSG § 4B1.2(a). Asbury, meanwhile, more pointedly contends that North Carolina common law robbery is not a valid career offender predicate because it can be committed recklessly. *See Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) ("Offenses with a

2

*mens rea* of recklessness do not qualify as violent felonies under [the Armed Career Criminal Act].").[1]

We have previously held that "North Carolina common law robbery categorically qualifies as 'robbery,' as that term is used within [USSG] § 4B1.2(a)(2)." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017). But Asbury insists that *Borden*, which issued after *Gattis*, compels a different conclusion. We disagree. Under North Carolina law, "common law robbery requires a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker." *State v. Herring*, 370 S.E.2d 363, 368 (N.C. 1988) (internal quotation marks omitted). Based on *Herring*, we conclude that North Carolina common law robbery requires more than mere recklessness and, therefore, that *Borden* did not disturb our holding in *Gattis*. Thus, the district court was correct in determining that North Carolina common law robbery qualifies as a career offender predicate.

Next, noting that one of the robbery convictions resulted from an *Alford* plea,[2] Asbury's counsel questions whether this conviction is countable as a career offender predicate given that Asbury never admitted the elements of the offense. In support, counsel

---

[1] "[T]his Court applies precedents interpreting 'violent felony' under the [Armed Career Criminal Act] and 'crime of violence' under the Guidelines interchangeably." *United States v. Covington*, 880 F.3d 129, 133 (4th Cir. 2018) (some internal quotation marks omitted).

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970); *see United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007) ("An *Alford* plea refers to a plea in which the defendant consents to a prison sentence even though he is unwilling or unable to admit his participation in the acts constituting the crime." (internal quotation marks omitted)).

3

relies on *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), *abrogated in part by United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), in which this court held that an *Alford*-based conviction could not serve as an armed career criminal predicate where: the statute of the prior conviction was divisible; some of the crimes proscribed by the statute were not valid predicates; and, by virtue of the *Alford* plea, the court could not exclude the possibility that the defendant had been convicted of a non-predicate offense. *Id.* at 221-28. But here, unlike in *Alston*, the absence of factual admissions is irrelevant since, again, the offense at issue categorically qualifies as a career offender predicate. *See Gattis*, 877 F.3d at 156. We therefore reject this argument.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Asbury, in writing, of the right to petition the Supreme Court of the United States for further review. If Asbury requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Asbury.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4