**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4524

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY STEPHEN HUMPHREY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00053-GMG-RWT-1)

Submitted:  February 27, 2024                    Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Stephen Humphrey pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).     The district court sentenced Humphrey to 151 months' imprisonment—the bottom of his advisory Sentencing Guidelines range.   On appeal, Humphrey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning: (1) whether the district court correctly applied a leadership enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2021); (2) whether the district court plainly erred in designating Humphrey a career offender under USSG § 4B1.1; and (3) whether the district court should have varied downward from the Guidelines range when sentencing Humphrey.  Humphrey was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal as to the first and third issues pursuant to the appellate waiver in Humphrey's plea agreement.  For the reasons explained below, we affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Humphrey knowingly and voluntarily waived his right to appeal his conviction and sentence excepting only a challenge to his career offender designation and claims of

2

ineffective assistance of counsel and prosecutorial misconduct.  Accordingly, we grant the Government's motion to dismiss and dismiss the appeal as to Humphrey's arguments that the district court erred in applying the leadership enhancement and that the district court should have varied downward from the Guidelines range when sentencing him.

As for Humphrey's challenge to his career offender designation, which the appellate waiver does not cover, we review that issue for plain error because Humphrey failed to raise it in the district court.  *See United States v. Carthorne*, 726 F.3d 503, 509-10 (4th Cir. 2013) (explaining plain-error standard and reviewing career offender designation for plain error where defendant did not contest it in district court).  And we are satisfied that the district court did not plainly err in designating Humphrey a career offender based on the nature of the instant offense and Humphrey's prior felony convictions for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and unlawful assault, in violation of W. Va. Code § 61-2-9(a).  *See United States v. Groves*, 65 F.4th 166, 174 (4th Cir.) (holding that "a § 841(a)(1) distribution offense is not categorically disqualified from being treated as a 'controlled substance offense'" for purposes of career offender enhancement), *cert. denied*, 144 S. Ct. 336 (2023); *United States v. Covington*, 880 F.3d 129, 135 (4th Cir. 2018) (holding that "unlawful wounding," in violation of W. Va. Code § 61-2-9(a), is "crime of violence" for purposes of career offender enhancement).[*]

---

[*] Although Humphrey was convicted of "unlawful assault," in violation of W. Va. Code § 61-2-9(a), that offense is identical to the "unlawful wounding" offense that we considered in *Covington*.  *See State v. Maichle*, 895 S.E.2d 181, 184, 187 (W. Va. 2023) (using "assault" and "wound" interchangeably in analyzing W. Va. Code § 61-2-9(a)); (Continued)

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We thus grant the Government's motion to dismiss in part and dismiss the appeal as to two of the sentencing issues that *Anders* counsel has raised on appeal.  We also affirm the district court's judgment in all other respects.  At this juncture, we deny Humphrey's counsel's request to withdraw made in the *Anders* brief.

This court requires that counsel inform Humphrey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Humphrey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Humphrey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

*United States v. Cobbs*, 274 F. Supp. 3d 390, 394 & n.3 (S.D.W. Va. 2017) (explaining that "unlawful wounding" is also called "unlawful assault" in context of § 61-2-9(a)).